**Danny J. McALLISTER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 82A04–0902–CR–87.

Court of Appeals of Indiana.

Sept. 28, 2009.

Evelyn Hansen–Davis, Evansville, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Henry A. Flores, Jr., Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Danny J. McCallister appeals the trial court's sentencing order and application of credit time following his plea of guilty to Class D felony possession of methamphetamine. Concluding the trial court did not fully award McCallister credit for the time he was incarcerated prior to sentencing and with earned or Class I credit, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On October 15, 2008, the State charged McCallister with Class D felony possession of methamphetamine. McCallister agreed to plead guilty as charged and be sentenced according to the following terms:

> That pursuant to the above-mentioned plea negotiations, the Defendant agrees to be sentenced to the Indiana Department of Corrections [sic] for a period of two (2) years, with the first ninety (90) days, to be served executed at the Vanderburgh County Jail, the next six (6) months to be served executed at the Vanderburgh County Work Release (VCWR) and the last fifteen (15) months suspended to Drug Abuse Probation Services (DAPS).

(App. at 48.)

McCallister's presentence investigation report (PSI) [1] indicates McCallister is enti-

---

1. We note that the Appellant's Appendix contains a copy of the PSI on white paper. We remind counsel that Ind. Appellate Rule 9(J) requires that documents and information ex- cluded from public access pursuant to Ind. Administrative Rule 9(G)(1), which includes presentence investigation reports, must be filed in accordance with Ind. Trial Rule 5(G).

tled to ninety-five days credit for time served in the county jail prior to sentencing. On January 14, 2009, during McCallister's sentencing hearing, the trial court accepted McCallister's guilty plea and sentenced him as follows:

> Show the Court will accept the plea agreement entered into by the parties [and] find the defendant guilty of the offense of possession of methamphetamine as a class, excuse me, D felony. Will sentence him to the Indiana Department of Corrections [sic] for a period of two years. First ninety days of that sentence will be executed, ordered served executed in the Vanderburgh County Jail. The remaining, the next six months will be served executed on the Vanderburgh County Work Release Program and the remaining fifteen months will be suspended to the Drug Abuse Probation Service. He gets credit for ninety-five days which means he's served his ninety days credit or his jail time. You're going to have five days credit against his good time (sic) sentence.

That rule provides that such documents must be tendered on light green paper or have a light green coversheet and be marked "Not for Public Access" or "Confidential." Ind. Trial Rule 5(G)(1).

2. McCallister did not include a copy of the sentencing order in his Appellant's Appendix and instead refers to the chronological case summary entry regarding sentencing, which provides:

> [The trial] court accepts the State's sentence recommendation and in accordance with same, now sentences the Deft to the Indiana Dept of Corrections for a period of two (2) years. Said sentence is suspended on the condition the Deft serve ninety (90) days in the Vanderburgh County Jail, six (6) months to be served executed on VCWR with the remaining fifteen (15) months to be suspended to probation. Court notes the Deft has served the 90 day executed sentence. Deft given credit for 5 day(s) served plus 5 day(s) good time.

(App. at 3) (format altered).

(Tr. at 4.)[2] Thus, the trial court acknowledged that McCallister had served ninety-five days in jail awaiting sentencing, but when entering his sentence, indicated that he was to receive only five days credit for presentencing confinement[3] plus five days for earned or Class I credit.[4] McCallister's counsel questioned the trial court about the credit time calculation:

> [COUNSEL]: Judge I do have a question of the Court. As to the days credit, ninety-five on the pre-sentence. As to the ninety day sentence laid out in the plea agreement at the Vanderburgh County Jail, is Mr. McCallister not receiving good time credit for that?
>
> BY COURT: Well generally—unless the parties anticipated something different the day—the sentence stated is "x" number of days in the jail does not carry . . .
>
> [COUNSEL]: Okay.
>
> BY COURT: . . . good time credit so that was my anticipation and my under-

3. For purposes of this opinion, we will refer to the credit for time served prior to sentencing as presentencing confinement credit.

4. The trial court referred to the earned or Class I credit as "good time" credit. The term "good time" credit can be used to describe both Class I credit time earned pursuant to Ind.Code § 35–50–6–3 and educational credit time earned pursuant to Ind.Code § 35–50–6–3.3. *See Robinson v. State*, 805 N.E.2d 783, 790 (Ind.2004). These two types of earned credit are sometimes referred to as "good time" credit because such credit is conditioned on the absence of bad conduct. *See id.* This case involves only the application, or lack thereof, of Class I credit. Thus, for the purposes of this opinion, we will refer to the earned credit time as Class I credit and not good time credit.

standing and my assumption when I read the Pre–Sentence.

[COUNSEL]: Okay.

BY COURT: He'll serve that sentence and then he will have approximately eighty-five days to serve on work release.[5]

[COUNSEL]: So five days credit towards the good time?

BY COURT: Right.

[COUNSEL]: Okay.

BY COURT: He does get good time credit on what the . . .

[COUNSEL]: Okay.

BY COURT: You got about eighty-five days to serve on work release. Do you understand?

DEFENDANT: Yes Your Honor.

(Tr. at 6–7.)

The following day, McCallister filed a motion to correct erroneous sentence, arguing that the trial court should have awarded him a full ninety-five days of Class I credit time. During a hearing on the motion, the prosecutor indicated he had "no objection" and acknowledged that "ninety-five days credit time looks to be correct." (*Id.* at 9.) The trial court disagreed McCallister should receive Class I credit and stated:

BY COURT: Well here's the problem I have and I kind of explained this at sentencing. The Court interpreted the plea agreement and if I misinterpreted it then we can address that but—let's see. He was getting a two year sentence suspended on the condition he serve ninety days in the Vanderburgh County Jail.

[PROSECUTOR]: Right.

BY COURT: The next six months to be served on the work release program. What I, what I said at the sentencing is that ordinarily these plea agreements when it sets a, a specific number of days in the jail like that that that means that actual number without good time and so that's the way the Court imposed the sentence. Now if the parties['] understanding was different that's okay. You need to let me know that but then the Court will reject the plea agreement because I'm not going to accept it the plea agreement if it doesn't have—if that's not the understanding that was reached. If I misinterpreted what you wanted then the Court will reject the plea agreement and I'll give you guys a chance to negotiate something different or set a trial date or whatever you want to do.

[COUNSEL]: Okay.

BY COURT: Do you want to review—do you want to discuss that with your client?

[COUNSEL]: Yeah (affirmative). Let me talk to him about it. He wants to proceed as he was sentenced.

BY COURT: Okay. All right. Then we'll show the Motion to Correct Erroneous Sentence is overruled. The sentence previously imposed is hereby affirmed. Okay? All right.

(*Id.* at 9–11.)

## DISCUSSION AND DECISION

▇ McCallister challenges the trial court's calculation of the credit to which he was entitled for his presentencing confinement.[6] McCallister argues the trial court

---

5. It appears the trial court believed McCallister had ninety days to serve on work release. However, the plea agreement provides, and the sentence imposed indicates, that McCallister has six months to serve on work release.

6. Although not raised by the parties, we pause to discuss a procedural aspect of this case. The Indiana Supreme Court has explained the procedure for challenging a trial court's imposition of credit time:

erred by disregarding Ind.Code § 35–50–6–3 and contends he is entitled to receive credit toward his sentence for the ninety-five days he served while in jail prior to sentencing plus ninety-five days of Class I credit.

The State acknowledges that "[s]tatutory authority may support an award of good time credit for Defendant's pre-trial confinement" and that it "is unaware of any authority holding that a [sic] when a specific jail sentence is set in a plea agreement a defendant is only entitled to credit for time served and not good time credit." (Appellee's Br. at 7.) The State asserts that "in light of the statutory authority in favor of Defendant's position and the lack of precedent holding otherwise, [it] submits the case without recommendation." (*Id.* at 7–8.)

■ "Generally, because pre-sentence jail time credit is a matter of statutory right, trial courts do not have discretion in awarding or denying such credit." *James v. State,* 872 N.E.2d 669, 671 (Ind.Ct.App. 2007) (internal quotation marks and citation omitted). When a trial court imposes a sentence, it is required by statute to "certify, under the seal of the court ..., copies of the judgment of conviction and sentence to the receiving authority." Ind. Code § 35–38–3–2(a). The trial court's sentencing order "must include," among other things, "the amount of credit, including credit time earned, for time spent in confinement before sentencing." Ind.Code § 35–38–3–2(b)(4).

■ A defendant is entitled to credit for the time spent in confinement before sentencing. *See Robinson v. State,* 805 N.E.2d 783, 789 (Ind.2004); *see also* 35–38–3–2(b)(4). Additional credit can be earned based on a prisoner's credit time classification. *Robinson,* 805 N.E.2d at 789. Prisoners in Indiana are placed into a "class" for the purpose of earning credit time. *Neff v. State,* 888 N.E.2d 1249, 1250 (Ind.2008). Generally, a person "imprisoned for a crime or imprisoned awaiting trial or sentencing is initially assigned to Class I." Ind.Code § 35–50–6–4(a). "A person assigned to Class I earns one (1) day of credit time for each day the person

When an error related to sentencing occurs, it is in the best interests of all concerned that it be immediately discovered and corrected. Other than an immediate motion to correct sentence, such errors are best presented to the trial court by the optional motion to correct error under Indiana Trial Rule 59, or upon a direct appeal from the final judgment of the trial court pursuant to Indiana Appellate Rule 9(A).

*Robinson,* 805 N.E.2d at 786. The Court further explained that "[w]hen claims of sentencing errors require consideration of matters outside the face of the sentencing judgment, they are best addressed promptly on direct appeal and thereafter via post-conviction relief proceedings where applicable" and that "[c]laims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." *Id.* at 787.

Here, immediately after the trial court accepted McCallister's guilty plea and sentenced him, McCallister filed a motion to correct erroneous sentence that required consideration of the PSI. Because McCallister's motion required consideration of matters outside the sentencing judgment, it would have been more appropriately captioned as a motion to correct error. *See id.* Nevertheless, McCallister filed this appeal of his sentence and application of credit time within the time limits for filing a direct appeal of his sentence, and he has a right to challenge his sentence on direct appeal. *Id.* at 786, n. 2 (noting that "[w]hile a direct appeal may not be used to allege errors involving a conviction based upon a guilty plea, it may be used to challenge sentencing errors"). Because our Supreme Court has explained that sentencing errors such as those raised in this case are best addressed promptly on direct appeal, *see id.* at 787, we will review McCallister's credit time challenge as a direct appeal of his sentence.

is imprisoned for a crime or confined awaiting trial or sentencing." Ind.Code § 35–50–6–3(a).

We conclude the trial court erred in its imposition of both presentencing confinement credit and Class I credit. In regard to the presentencing credit, there is no dispute that McCallister spent ninety-five days in the county jail prior to his sentencing hearing. In fact, the trial court acknowledged the PSI indicated a jail credit of ninety-five days as of the date of sentencing. (*See* Tr. at 4.) Nevertheless, when imposing McCallister's sentence, the trial court indicated McCallister was entitled to five days credit for presentencing confinement and five days for Class I credit. It appears the trial court was aware that McCallister was entitled to ninety-five days credit for presentencing confinement when it stated that his ninety-day executed jail sentence had been served.

Ind.Code § 35–38–3–2 requires a trial court's "judgment of conviction and sentence to the receiving authority" include "the amount of credit, including credit time earned, for time spent in confinement before sentencing...." Ind.Code § 35–38–3–2(b)(4). Indeed, the Indiana Supreme Court has explained that Ind.Code § 35–38–3–2 "require[s] that a trial court's judgment of conviction separately include both the amount of time spent by the defendant prior to imposition of sentence and also the amount of credit time earned in accordance with the defendant's credit time class." *Robinson*, 805 N.E.2d at 789. Thus, the trial court was required to include the entire amount of presentencing

confinement credit due McCallister (ninety-five days), and not, as it did here, just the presentencing confinement credit remaining (five days) after the application of the presentencing confinement credit (ninety-five days) to the executed jail sentence (ninety days). The trial court erred when it did not award McCallister full credit for presentencing confinement.

The trial court's imposition of Class I credit was also erroneous. A person who is imprisoned awaiting trial or sentencing is initially assigned to Class I, *see* Ind.Code § 35–50–6–4(a), and a person assigned to Class I earns one day of credit time for each day he is confined awaiting trial or sentencing. *See* Ind.Code § 35–50–6–3(a). McCallister served ninety-five days in jail prior to sentencing, and there is no indication in the record before us that McCallister was not in Class I. Accordingly, the trial court should have awarded McCallister ninety-five days of Class I credit.[7] *See, e.g., Senn v. State*, 766 N.E.2d 1190, 1199 (Ind.Ct.App.2002) (holding the trial court erred in application of credit time to defendant's sentence), *reh'g denied.*

## CONCLUSION

Pursuant to the applicable statutes, McCallister was entitled to receive credit toward his sentence for the days he served while imprisoned before he was sentenced (ninety-five days) plus an additional one day of credit time, or Class I credit, for each day of presentence confinement (ninety-five days). Because the sentencing order awarded McCallister only five days of presentencing confinement credit plus

---

7. Nor did the plea agreement call for a waiver of Class I credit time. The trial court interpreted the provision in the plea agreement regarding the amount of McCallister's executed sentence to be served in the county jail as a waiver of Class I credit. The plea agreement, however, contained no such provision. The plea agreement addressed McCallister's

sentence (including executed time and time suspended to probation) but did not address credit time. There was no explicit waiver of credit time contained in the plea agreement, and the statutes provide for one day of Class I credit for each day a defendant is confined awaiting sentencing. McCallister is therefore entitled to ninety-five days of Class I credit.

five days of Class I credit, we reverse and remand with instructions to award the correct credit time.[8]

BAKER, C.J., and BARNES, J., concur.

---

8. We note the trial court cannot now reject McCallister's plea. "A plea agreement is contractual in nature, binding the defendant, the state, and the trial court, once the judge accepts it." *St. Clair v. State*, 901 N.E.2d 490, 492 (Ind.2009). We also direct the trial court to correct its sentencing order to reflect the sentencing language contained in the plea agreement. *See id.* at 493 (explaining that once a trial court accepts a plea agreement, it has only that degree of sentencing discretion provided in the agreement). Specifically, the CCS entry regarding sentencing indicates that McCallister's two-year sentence "is suspended on the condition" that McCallister serve his ninety-day jail time and six-month work release. (App. at 3.) However, the sentencing terms contained in the plea agreement provide that McCallister is to be sentenced to two years, with the first ninety days executed at the county jail, the next six months executed on work release, and the remaining fifteen months suspended to drug probation. (*See id.* at 48.)