## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 31 2015, 10:08 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jonathan R. Sichtermann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joshua T. Trammell,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 31, 2015

Court of Appeals Case No.
24A01-1504-CR-275

Appeal from the Franklin Circuit Court

The Honorable Clay M. Kellerman, Judge

Trial Court Cause Nos.
24C02-1306-FD-596
24C02-1308-FD-1126

**Brown, Judge.**

[1]     Joshua T. Trammell appeals from orders determining credit time issued by the trial court under cause number 24C02-1306-FD-596 ("Cause No. 596") and cause number 24C02-1308-FD-1126 ("Cause No. 1126"). Trammell raises one issue which we revise and restate as whether the court properly determined his credit time. We affirm.

*Facts and Procedural History*

[2]     On April 17, 2012, Trammell pled guilty in cause number 24C02-1109-FD-486 ("Cause No. 486") to two counts of check deception as class A misdemeanors and was sentenced to 365 days, including 305 days suspended to probation, in the Franklin Circuit Court 2. On June 11, 2013, Trammell asked Whitewater Valley Towing to tow a car belonging to another person, intending to receive the proceeds from the car's disposal and deprive that person of the value of the car. He was arrested the same day for this act. On June 16, 2013, he completed bond paperwork regarding that arrest, wrote a fraudulent check to a bond agent, and was released on bond.

[3]     The next day, June 17, 2013, the State charged Trammell in Cause No. 596 with Count I, attempted theft as a class D felony, and Count II, operating a motor vehicle while privileges are suspended as a class D felony, in the Franklin Circuit Court 2.[1] That same day, the State filed a verified petition of probation violation in Cause No. 486, and a bench warrant was served on Trammell three

---

[1] The charging information in Cause No. 596 is dated June 11, 2013, and is file stamped June 17, 2013.

days later.[2] On July 19, 2013, the State filed an amended charging information in Cause No. 596 alleging that Trammell was an habitual offender.

[4] Trammell remained incarcerated following his arrest on June 20, 2013, and on August 29, 2013, a hearing was held in Cause No. 486 on a Petition for Modification of Credit for Time Served. The court issued an order stating that Trammell was entitled to 274 days credit in that case. The same day, the State charged Trammell with check fraud as a class D felony under Cause No. 1126 related to the check he wrote to the bond agent, an arrest warrant was served on him that day in that cause, and he continued to remain incarcerated.

[5] On September 3, 2013, the court granted a motion for continuance in Cause No. 596, resetting the matter for February 26, 2014. On December 12, 2013, Trammell bonded out in Cause No. 1126. On January 6, 2014, Trammell's jury trial in Cause No. 1126 was reset for May 28, 2014. On January 21, 2014, the court in Cause No. 486 held a probation revocation hearing and ordered that Trammell "shall receive Ninety-one (91) days of the previous suspended sentence to be executed in the Franklin County Security Center, consecutive to any other cause." Appellant's Appendix at 340. On February 14, 2014, in Cause No. 596, the court rescheduled trial for July 9, 2014.

[6] On April 10, 2014, the State filed a Petition to Revoke Bond under both Cause Nos. 596 and 1126, alleging that "on or about March 17, 2014, while on bail for

---

[2] The verified petition of probation violation is not contained in the record on appeal.

these matters, [Trammell] committed a felony, to wit: Identity Deception . . . ." *Id.* at 68. A hearing was set on the State's petition for April 24, 2014. Trammell failed to appear at the hearing, the court revoked his bond in those causes, and a warrant was issued for his arrest. On May 19, 2014, he was arrested in Hamilton County, Ohio, on an unrelated theft charge, and he pled guilty to that charge on June 10, 2014. On June 13, 2014, he was extradited to Indiana.

[7] On December 3, 2014, the court held a hearing in both Cause Nos. 596 and 1126, in which Trammell pled guilty to attempted theft as a class D felony and the State dismissed the remaining charges in Cause No. 596, and Trammell pled guilty as charged in Cause No. 1126. The same day, the court sentenced him in Cause No. 596 in accordance with the plea agreement to three years in the Department of Correction ("DOC"), and it set sentencing in Cause No. 1126 for December 18, 2014. At the December 3, 2014 hearing, there was discussion regarding the amount of credit time to which Trammell was entitled, and the court in its judgment of conviction stated: "Further, the Court allows Counsel until December 18, 2014 to file a Motion for Jail Time Credit." *Id.* at 108.

[8] On December 16, 2014, Trammell filed his Calculation of Credit Time in which he asserted that he was entitled to 368 days in Cause No. 596, a number which is the sum of five days of credit time for the dates between June 11, 2013, and June 16, 2013, 175 days for the dates between June 20, 2013, and December 12, 2013, and 188 days for the dates between May 19, 2014, and December 18,

2014. He asserted that he was entitled to 293 days in Cause No. 1126, which includes 105 days for the dates between August 29, 2013, and December 12, 2013, and 188 days for the dates between May 19, 2014, and December 18, 2014.

[9] On December 17, 2014, the State filed an Objection to Defendant's Calculation of Credit Time and asserted that Trammell was entitled to twenty-two actual days of credit time in Cause No. 596, which included six days for the days between June 11, 2013, and June 17, 2013, and sixteen days between December 2, 2014, when the warrant for his arrest was served upon him, and December 18, 2014. In Cause No. 1126, the State asserted that Trammell was entitled to 121 actual days of credit time, which included 105 days for the dates between August 29, 2013, and December 12, 2013, and sixteen days between December 2, 2014, when the warrant for his arrest was served upon him, and December 18, 2014. The State's Objection also noted that Trammell "should not receive any credit for the time served at the Franklin County Security Center between June 20, 2013 and August 29, 2013, because during that period he was incarcerated there as a result of a probation violation in" Cause No. 486.[3] *Id.* at 113.

---

[3] The State also noted in its Objection that Trammell is not entitled to any credit time following the bond revocation on April 24, 2014, for his time spent incarcerated in Hamilton County, Ohio, and/or Dearborn County, Indiana, because those days spent incarcerated were credited towards his convictions on the Ohio theft conviction and the charge of identity deception. Trammell does not assert on appeal that he is entitled to credit time for those days.

[10] On December 18, 2014, the court held a hearing under both cause numbers, sentenced Trammell in Cause No. 1126 to three years in the DOC with one year suspended to probation, to be served consecutive to his sentence in Cause No. 596, and took the credit time issue under advisement. The next day, the court issued an Order Determining Credit Time in each cause number, and in Cause No. 596 awarded a total of 21 days of jail time credit, which included five days between June 11, 2013, and June 16, 2013, when he bonded out in that cause, and sixteen days between December 2, 2014, and December 18, 2014. In Cause No. 1126, the court awarded a total of 122 days jail time credit, which included 106 days between the dates August 29, 2013, and December 12, 2013, when he bonded out in that cause, and sixteen days between December 2, 2014, and December 18, 2014.

## Discussion

[11] The issue is whether the court properly calculated and allocated Trammell's credit time. Trammell argues that "[h]e received no credit in case 596 for time he spent in the Franklin County Security Center from June 16, 2013, to August 29, 2013, while case 596 was pending." Appellant's Brief at 8. He suggests that the court erred in determining that he bonded out on June 16, 2013, because the chronological case summary ("CCS") does not reflect that to be so, and states that he was incarcerated for the dates between June 16, 2013, and June 20, 2013. He also asserts that, despite the fact that he was incarcerated in Cause No. 486 from June 20, 2013, to August 29, 2013, he is eligible for credit time for those days under Cause No. 596 because he had already served the executed

portion of his sentence in Cause No. 486, the court in that case ordered him to serve ninety-one days of his previously suspended sentence, and he had already served 274 days of that sentence. He argues that the days between June 20, 2013, and August 29, 2013, did not contribute to his sentence in Cause No. 486. He also argues, without citation to authority, that "the trial court erroneously credited 106 days of incarceration to case 1126 when that time should have credited to case 596" because Cause No. 596 was filed earlier than Cause No. 1126. *Id.*

[12] The State argues that the trial court properly calculated Trammell's credit time for his conviction in Cause No. 596, including for five days between June 11, 2013, and June 16, 2013, and sixteen days between December 2, 2014, and December 18, 2014, for a total of twenty-one days. The State asserts, however, that the court erroneously calculated his credit time for his conviction in Cause No. 1126, noting that although the 106 days between August 29, 2013, and December 12, 2013, were proper, the court's decision to award Trammell sixteen days for the time between December 2, 2014, and December 18, 2014, was error because the court had already awarded him credit for these days under Cause No. 596. The State posits that to the extent Trammell suggests he is entitled to credit time for the days between June 16, 2013, and June 20, 2013, he waived this argument because he failed to present a complete record for this assertion. The State also notes that Trammell did not raise this argument below and indeed claimed that he bonded out on June 16, 2013 at the hearing. Regarding Trammell's argument that he is entitled to credit time in Cause No.

596 for days spent incarcerated between June 16 (or June 20), 2013, and August 29, 2013, the State argues that "[t]his argument implies that the order to serve 91 days came before [Trammell] served the 274 days, when actually the reverse is true," and that the court decided in January 2014 in Cause No. 486 to order him to serve the remaining ninety-one days of his sentence in that cause. Appellee's Brief at 10. Finally, the State responds to Trammell's argument that the 106 days should have been applied to his sentence in Cause No. 596, rather than Cause No. 1126, by nothing that he was arrested in Cause No. 1126 on August 29, 2013, and was released on bond on December 12, 2013, and that accordingly the court correctly assigned those days to Cause No. 1126.

[13] "Generally, because pre-sentence jail time credit is a matter of statutory right, trial courts do not have discretion in awarding or denying such credit." *McAllister v. State*, 913 N.E.2d 778, 782 (Ind. Ct. App. 2009). A defendant is entitled to credit for the time spent in confinement before sentencing. *Id.* (citing *Robinson v. State*, 805 N.E.2d 783, 789 (Ind. 2004); Ind. Code § 35-38-3-2(b)(4)). When a defendant is incarcerated on multiple offenses and is ordered to serve his sentences consecutively, he is not entitled to double credit. *French v. State*, 754 N.E.2d 9, 17 (Ind. Ct. App. 2001). The prohibition against an award of "double credit" applies when a defendant has arguably been incarcerated at the same time on more than one offense if the sentences for the multiple offenses are to be served consecutively. *Id.* Credit is calculated from the date of arrest to the date of sentencing for that same offense. *Id.*

[14] First, we find Trammell's argument that he was incarcerated between June 16, 2013, and June 20, 2013, to be unsupported by the facts presented. The record reveals that on June 16, 2013, Trammell completed bond paperwork to bond out on his arrest under Cause No. 596 and that he was served with a bench warrant on the probation violation under Cause No. 486 on June 20, 2013. Before the trial court, Trammell did not request credit time for this period. Rather, in his Calculation of Credit Time filed with the court, Trammell asserted that he was entitled to credit time for the dates between June 11, 2013, and June 16, 2013 and between June 20, 2013, and December 12, 2013. Further, he testified at the December 18, 2014 hearing that he "bonded out on June 16th. . . . The check never cleared and I was rearrested on June 20th." Transcript at 21. Trammell is not entitled to credit time for the dates between June 16, 2013, and June 20, 2013.

[15] Second, regarding Trammell's argument that he has not been awarded seventy days of credit time on any cause for the time he spent incarcerated between June 20, 2013, and August 29, 2013, we disagree. The record reveals that his arrest on June 20, 2013, was pursuant to a bench warrant issued in the probation revocation case, Cause No. 486. He spent the next seventy days incarcerated until August 29, 2013, when the court in that cause held a hearing and entered an order stating that Trammell was entitled to 274 days credit in that case. That same day, he was served an arrest warrant in Cause No. 1126, and he remained incarcerated under that cause until December 12, 2013, when he bonded out. Then, on January 21, 2014, the court in Cause No. 486 held a

probation revocation hearing and ordered that Trammell "shall receive Ninety-one (91) days of the previous suspended sentence to be executed in the Franklin County Security Center, consecutive to any other cause." Appellant's Appendix at 340. Trammell was initially sentenced in Cause No. 486 to 365 days, and prior to the January 21, 2014 hearing he had earned credit totaling 274 days. Thus, he was ordered in January 2014 to serve the remaining ninety-one days of his previously-suspended sentence, and his argument that the 274 days were to be credited in that cause against the revocation of ninety-one days is erroneous.[4] We find that the seventy days earned between June 20, 2013, and August 29, 2013 were credited at the August 29, 2013 hearing in the sum of 274 days earned in Cause No. 486.

[16] Third, to the extent Trammell suggests that the court erred in assigning the 106 days he earned between August 29, 2013, and December 12, 2013, because the crime of attempted theft was charged in Cause No. 596 prior to the check fraud charge filed in Cause No. 1126, we note that he does not cite to relevant authority for the proposition. Accordingly, he has waived this issue. *See Cooper v. State*, 854 N.E.2d 831, 834 n.1 (Ind. 2006) (holding that the defendant's contention was waived because it was "supported neither by cogent argument nor citation to authority"); *Shane v. State*, 716 N.E.2d 391, 398 n.3 (Ind. 1999) (holding that the defendant waived argument on appeal by failing to develop a cogent argument); *Smith v. State*, 822 N.E.2d 193, 202-203 (Ind. Ct. App. 2005)

---

[4] 365 days, Trammell's sentence in Cause No. 486, minus 274 days of credit, equals 91 days left to serve.

("Generally, a party waives any issue raised on appeal where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record."), *trans. denied.* Further, we observe that Trammell was sentenced to three years in the DOC in Cause No. 596 and three years with one year suspended in Cause No. 1126, and those sentences were ordered to be served consecutively. Consequently, whichever sentence the 106 days are credited against will not affect his aggregate sentence.

[17] Finally, to the extent that the State asserts that the court erred in awarding sixteen days of credit time for the dates between December 2, 2014, and December 18, 2014, under both Cause Nos. 596 and 1126, we note that it concedes "[t]he prosecutor incorrectly calculated [Trammell's] credit time for [Cause No. 1126] by including these 16 days." Appellee's Brief at 8 n.1. Accordingly, we conclude that the State invited this error and decline to decrease Trammell's credit time on his sentence in Cause No. 1126 in this regard. *See Kingery v. State*, 659 N.E.2d 490, 494 (Ind. 1995) ("A party may not invite error, then later argue that the error supports reversal, because error invited by the complaining party is not reversible error."), *reh'g denied.*

## Conclusion

[18] For the foregoing reasons, we affirm the court's calculation and allocation of credit time.

[19] Affirmed.

Kirsch, J., and Mathias, J., concur.