## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 23 2017, 5:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Angela Tomlinson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | October 23, 2017 <br><br> Court of Appeals Case No. 34A05-1706-CR-1448 <br><br> Appeal from the Howard Superior Court <br><br> The Honorable William C. Menges, Judge <br><br> Trial Court Cause No. 34D01-1109-FA-774 |

**Altice, Judge.**

## Case Summary

[1] After admitting that she violated the terms of her probation, the trial court ordered Angela Tomlinson to serve the balance of her previously suspended sentence, which the court determined to be 2516 days. On appeal, Tomlinson challenges the trial court's determination as to the balance of her previously suspended sentence. Tomlinson also argues that the trial court abused its discretion in ordering that she serve the balance of her previously suspended sentence.

[2] We affirm and remand.

## Facts & Procedural History

[3] On September 1, 2011, the State charged Tomlinson with dealing in a schedule III controlled substance as a Class A felony and neglect of a dependent as a Class D felony. On August 15, 2012, Tomlinson pled guilty to the lesser-included offense of dealing in a schedule III controlled substance as a Class B felony. The trial court sentenced Tomlinson to twelve years, with eight years executed and four years suspended to supervised probation. The trial court awarded a total of 328 credit days.

[4] On January 29, 2014, the trial court modified Tomlinson's sentence, ordering that she be transferred to the community transition program under home electronic monitoring effective that day and that the balance of her executed sentence be suspended to supervised probation. The trial court also ordered that her release from the Department of Correction (DOC) would be effective

July 29, 2014. On August 21, 2014, Tomlinson appeared before the court and was advised of the terms of her probation.

[5] On February 17, 2016, the State filed a petition to revoke Tomlinson's probation, alleging that she had committed a new criminal offense of Level 6 felony maintaining a common nuisance and tested positive for cocaine and opiates. Tomlinson was arrested on February 25, 2016. On March 23, 2016, Tomlinson pled guilty to visiting a common nuisance, a Class B misdemeanor, and admitted the allegations in the petition. Pursuant to the plea agreement, the disposition for the probation violation was a sentence of fifty-four days, which accounted for twenty-seven actual days served while awaiting disposition and twenty-seven credit days. Tomlinson was returned to probation.

[6] On July 21, 2016, the State filed a request for a sanction hearing in this cause. The outcome of the hearing was that Tomlinson was ordered to serve thirty days in the Howard County Jail.[1] She was released from jail on August 4, 2016.

[7] On October 21, 2016, the State filed a petition to revoke Tomlinson's suspended sentence alleging that she had failed to report to her probation officer, tested positive for cocaine, failed to report for a drug screen, and committed new offenses of Level 6 felony unlawful use of a legend drug and

[1] In subsequent petitions to revoke suspended sentence, the State refers to this action as a "behavior modification." *Appellant's Appendix Vol. 3* at 51.

three counts of Class A misdemeanor theft. It is unclear when Tomlinson was arrested on the new charges and petition to revoke. On March 7, 2017, Tomlinson admitted to the allegations and the trial court ordered that she be returned to probation and successfully complete and pay for the re-entry court program as ordered under a different cause.

[8]  On March 9, 2017, Tomlinson signed the re-entry program participation agreement. On March 15, 2017, the Howard County Re-Entry Court Program filed a notice of termination alleging that Tomlinson committed a new criminal offense. On April 13, 2017, the trial court found that Tomlinson violated the rules of the re-entry program and terminated her participation.

[9]  On April 17, 2017, the State filed yet another petition to revoke Tomlinson's suspended sentence, which was based on her termination from the re-entry program. On June 6, 2017, Tomlinson admitted the allegations in the petition. The trial court revoked Tomlinson's probation and ordered that she serve the balance of her previously suspended sentence, which the court determined was 2516 days. In its oral sentencing statement, the trial court ordered that Tomlinson be awarded credit time for 108 days (54 actual days).[2] Tomlinson now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

---

[2] In the written sentencing order, the trial court stated, "jail time credit in the sum of 56 actual days or 108 credit days." *Appellant's App. Vol. 3* at 80. This is clearly a typographical error.

[10] Tomlinson argues that the trial court erred in calculating her credit for time spent in confinement which led to an error in calculating the balance of her previously suspended sentence. Because credit time is a matter of statutory right, trial courts do not have discretion in awarding or denying such credit. *James v. State*, 872 N.E.2d 669, 671 (Ind. Ct. App. 2007). In other words, a defendant is entitled by statute to credit for time spent in confinement prior to sentencing. *McAllister v. State*, 913 N.E.2d 778, 782 (Ind. Ct. App. 2009). Generally, a person "imprisoned awaiting trial or sentencing is initially assigned to Class I." Ind. Code § 35-50-6-4(a) (2008). A person assigned to Class I earns one day of credit time for each day the person is confined awaiting trial or sentencing. I.C. § 35-50-6-3(a) (2008).

[11] The trial court determined that Tomlinson had 2516 days remaining of her suspended sentence. Tomlinson calculates the balance of her suspended time to be 1496 days. By the State's calculation, Tomlinson has 2532 days remaining of her suspended sentence, which calculation includes credit for time the State acknowledges the trial court failed to award.

[12] We begin by noting that there is no indication in the record as to how the court calculated the days remaining on Tomlinson's suspended sentence and we have been unable to make the numbers add up. With regard to Tomlinson's calculation, we cannot discern from the record that Tomlinson is entitled to all of the credit she claims or even if such was included in the court's calculation of credit time in determining the remaining portion of her suspended sentence. The State acknowledges a possible error in the court's calculation of credit time

as it concerns the time spent in confinement prior to this most recent probation violation, but does not agree with Tomlinson that she is entitled to all other claimed credit.

[13] A defendant is entitled to credit for time spent in confinement for a probation violation. *See Dolan v. State*, 420 N.E.2d 1364, 1374 (Ind. Ct. App. 1981) (holding that a defendant is entitled to credit time for time spent in confinement for a probation violation as long as the defendant is being held solely on the probation violation). However, a defendant is not entitled to credit if credit for the same time period was given in another case in which the sentence was consecutive. *Diedrich v. State*, 744 N.E.2d 1004, 1007 (Ind. Ct. App. 2001) (noting that when a defendant is confined for multiple cases and the other case involves a consecutive sentence, credit is given to only one offense; defendant is not entitled to duplicate credit time).[3] In Tomlinson's calculation, she includes overlapping periods of confinement for new offenses and probation violations. As the State points out, whether Tomlinson was entitled to credit or whether such credit was already given cannot be determined from the record.

[14] Tomlinson also claims she is entitled to credit for time spent in the court's re-entry program. We note, however, that it is not clear whether the trial court did

---

[3] Without citation to the record, the State maintains that "[i]t appears that [Tomlinson] received credit in [another cause] on March 7, 2017 for 149 actual days served while awaiting trial and disposition in that matter or 298 credit days." *Appellee's Brief* at 10 n.1. This does not address the issue of whether Tomlinson was entitled to such credit time in this cause. Such is dependent on whether the sentence imposed in the other cause was concurrent or consecutive.

in fact give Tomlinson credit for such time.  Further, there is nothing in the record that indicates how Tomlinson's time in the re-entry program was served. If Tomlinson's time in the re-entry program was served on work release or home detention, then she would have been entitled to credit for such time.  *See Brattain v. State*, 777 N.E.2d 774, 778 (Ind. Ct. App. 2002) (stating that probationers are entitled to credit for time served in work release or in-home detention).

[15]  On appeal, it is the defendant's burden to show that the trial court erred. *Harding v. State*, 27 N.E.3d 330, 332 (Ind. Ct. App. 2015).  The State, however, acknowledges possible error and asserts that "[b]ecause of the discrepancies, the proper remedy in this case may be to remand this case back to the trial court." *Appellee's Brief* at 12.  We agree.  Given that we cannot discern the basis for the trial court's calculation of the balance of Tomlinson's suspended sentence and that the discrepancies in the record preclude us from making the numbers add up, we choose to remand to the trial court for clarification as to how it calculated the balance of Tomlinson's suspended sentence.

## Abuse of Discretion

[16]  Tomlinson also argues that "the Trial Court should have unsuspended only the remaining portion of the original eight (8) years executed sentence." *Appellant's Brief* at 12.  She maintains that the court's decision to "unsuspend[] the balance of the original twelve (12) year sentence" is an abuse of discretion.  *Id*. at 13.

[17] Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. *Sanders v. State*, 825 N.E.2d 952, 955 (Ind. Ct. App. 2005), *trans. denied*. Where a trial court has exercised its grace by granting a defendant probation in lieu of incarceration, it has considerable leeway in deciding how to proceed when the defendant then violates the conditions of his probation. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Thus, the sanction imposed by the trial court upon a finding of a probation violation is reviewed on appeal for an abuse of discretion. *Brandenburg v. State*, 992 N.E.2d 951, 953 (Ind. Ct. App. 2013), *trans. denied*. An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id*. Although the court has several alternative sanctions it may impose where it has found that a defendant has violated his probation, one of those sanctions is to order execution of all or part of the sentence that was suspended at the time of initial sentencing. *Id*.; *see also* Ind. Code § 35-38-2-3(h)(3).

[18] We begin by noting that when Tomlinson's sentence was modified in January 2014, the trial court clearly ordered the balance of the executed portion of the sentence to be served on probation. This order for probation was in addition to the four years of the original sentence that was initially suspended to probation.

[19] In ordering that Tomlinson serve the balance of the previously suspended sentence, including both the initial period of probation and the balance of the executed portion that was later suspended to probation, the trial court aptly stated:

I, also, was struck by the idea that she wants a second chance. We gave her a fourth or fifth or sixth or seventh chance when we put her in re-entry. That was basically the last choice or last option we had for any kind of community based treatment. Everything else has been tried over the years and nothing has been successful and I think the only thing that's left is to execute the balance of her suspended sentence.

*Transcript* at 14. We will not second-guess the trial court in this regard. The trial court did not abuse its discretion.

We affirm and remand for clarification.

Baker, J. and Bailey, J., concur.