## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 22 2018, 8:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jonathan D. Harwell
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Elisha Smith,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 22, 2018

Court of Appeals Case No.
49A04-1707-CR-1630

Appeal from the Marion Superior Court

The Honorable Kurt Eisgruber, Judge

The Honorable Steven Rubick, Magistrate

Trial Court Cause No.
49G01-1507-FA-25666

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Elisha Smith (Smith), appeals the trial court's denial of his motion to withdraw his guilty plea to child molesting, a Class C felony, Ind. Code § 35-42-4-3(b).

We affirm but remand with instructions.

# ISSUE

Smith raises two issues on appeal, which we consolidate and restate as: Whether the trial court abused its discretion by denying Smith's motion to withdraw his guilty plea.

# FACTS AND PROCEDURAL HISTORY

On March 23, 2015, the Indianapolis Metropolitan Police Department began investigating a report that fifteen-year-old K.D. had been subjected to ongoing acts of molestation by Smith, her mother's live-in boyfriend. The allegations against Smith included that he had touched K.D.'s vagina, that he directed K.D. to touch his penis, that he requested K.D. to perform oral sex, and that he masturbated in K.D.'s presence on multiple occasions. On July 22, 2015, the State filed an Information, charging Smith with Count I, child molesting, a Class A felony, I.C. § 35-42-4-3(a)(1); Count II, child molesting a Class C felony, I.C. § 35-42-4-3(b); Count III, child solicitation, a Class D felony, I.C. § 35-42-4-6(b)(2); and Counts IV through VI, performance before a minor that is harmful to minors, Class D felonies, I.C. 35-49-3-3(a)(4). The events were

alleged to have occurred between March 30, 2010, and January 31, 2014, when K.D. was between the ages of ten and thirteen.

[5] On November 9, 2016, Smith entered into a plea agreement with the State, pursuant to which he agreed to plead guilty to Count II, child molesting as a Class C felony, in exchange for the dismissal of the remaining charges. The plea agreement stipulated that Smith would receive an eight-year sentence. That same day, the trial court conducted a guilty plea hearing and advised Smith of the rights he was surrendering by pleading guilty. When questioned by the trial court, Smith confirmed that no one had forced him to plead guilty, that he had discussed the plea and its consequences with his public defender, and that he was satisfied with the advice rendered by his public defender. The State indicated that if the case had proceeded to trial, it would have proved that "between March 30th 2010[,] and January 31st 2014[,] . . . Smith did perform or submit to fondling or touching with [K.D.], a child under the age of [fourteen] years old . . . with the intent to arouse or satisfy the desires of . . . Smith and/or [K.D.]—all of that did occur in Marion County." (Tr. Vol. II, p. 7). The trial court asked Smith whether the State's summary of the evidence was true, and Smith answered, "Yes." (Tr. Vol. II, p. 7). Finding "a knowing and intelligent waiver of rights" and "a factual basis to support the plea," the trial court accepted Smith's guilty plea, entered a judgment of conviction, set the matter for sentencing, and ordered the completion of a pre-sentence investigation (PSI) report. (Tr. Vol. II, p. 8).

[6] On November 21, 2016, the Marion County Superior Court Probation Department filed a PSI Report with the trial court. When discussing the circumstances of the offense during his PSI interview, Smith stated to the probation officer, "I feel betrayed and abused and used because of my past history. . . . [K.D.] is a bright, smart young woman that got mixed up with her feelings and didn't want to move [from Indiana to Georgia]. . . . I didn't commit a crime this time,[1] but am unable to prove my innocence." (Appellant's Conf. App. Vol. II, p. 41). Smith indicated that he was "trying to move forward from this whole mess and get back to [his] family." (Appellant's Conf. App. Vol. II, p. 41). On November 22, 2016, the parties convened for a sentencing hearing. At the beginning of the hearing, the trial court noted that, in the PSI Report, Smith had "stated his innocence in no uncertain terms." (Tr. Vol. II, p. 12). As a result, the trial court rescheduled the matter in order to provide the State with "an opportunity to contact the victim[] . . . to determine whether we can proceed to trial." (Tr. Vol. II, p. 12).

[7] During a status hearing on January 10, 2017, Smith indicated his intent to file a formal motion to withdraw his plea. The State informed the court that while it objected to the withdrawal, it was nevertheless prepared to proceed to trial. On January 27, 2017, Smith filed a Verified Motion for Withdrawal of Guilty Plea.

---

[1] In 2001, Smith was convicted of Class B felony child molesting for performing or submitting to sexual deviate conduct with a four-year-old child. Smith received a fifteen-year sentence, with ten years executed in the Indiana Department of Correction and five years suspended. Following the executed portion of his sentence, Smith was released to probation in 2005 and was discharged in 2009. According to the PSI Report, Smith moved in with his girlfriend and her daughter, K.D., in 2010.

In his motion, Smith noted that he "had time to reflect on the plea of guilty" and could no longer "admit guilt in this matter." (Appellant's Conf. App. Vol. II, pp. 44-45). He argued that he had been pressured into accepting the plea by his public defender and had ultimately done so over concerns about his former counsel's ability to represent him, and he added that there was "[i]nformation regarding possible recantation by [K.D.] that still needs investigated." (Appellant's Conf. App. Vol. II, p. 45). Smith contended that the State "has not been substantially prejudiced by any reliance on the plea" and that withdrawal "is necessary to correct a manifest injustice"—including "the lack of truthful and intelligent manifestation at the time of the plea." (Appellant's Conf. App. Vol. II, p. 45).

[8] On February 3, 2017, the trial court conducted another hearing, at which time Smith indicated that certain witnesses, including K.D.'s mother, had reported that K.D. recanted her allegations against Smith during a juvenile Child in Need of Services (CHINS) proceeding. The trial court acknowledged that if the transcript of the CHINS proceeding verified such a recantation, "there might be a good faith basis to allow a withdraw[al] from the guilty plea." (Tr. Vol. II, p. 25). The trial court delayed sentencing an additional month to allow time for Smith to obtain a copy of the CHINS transcript.

[9] After Smith's request to the juvenile court for preparation of the CHINS transcript was denied, on March 1, 2017, Smith requested that the trial court in his criminal matter issue such an order pursuant to Indiana Code section 31-33-

18-2.[2]  On March 3, 2017, the trial court denied Smith's request for transcripts but ordered the court reporter to "make available the audio recording of the requested hearings for defense counsel to listen to in the courtroom to determine if the recordings contain any exculpatory evidence." (Appellant's Conf. App. Vol. II, p. 55).  However, on March 22, 2017, the trial court issued an order noting that the juvenile court had previously considered and denied Smith's request for a transcript and/or access to the records of the CHINS proceedings.  With "neither the intent nor the authority to undermine or overrule" the juvenile court, the trial court vacated its order of March 3, 2017. (Appellant's Conf. App. Vol. II, p. 56).

[10]  On April 5, 2017, the trial court issued an Order, finding that Smith "has not established a legitimate basis for setting aside the factual basis accepted by this [trial court] on November 9, 2016." (Appellant's Conf. App. Vol. II, p. 57). Instead, the trial court found that Smith

> admitted under oath . . . the relevant facts necessary to sustain a conviction for the crime of child molesting; [Smith] has since retained counsel to collaterally attack his previous sworn testimony and attempted to publish confidential proceedings conducted in the Marion County Juvenile Court but has failed to present any actual evidence in support of the *Motion to Withdraw*.

---

[2]  This statute provides that the statutorily confidential reports and information made by or in the possession of the Department of Child Services "shall be made available" "upon the court's finding that access to the records may be necessary for determination of an issue before the court," with access generally "limited to in camera inspection."  I.C. § 31-33-18-2(9).

(Appellant's Conf. App. Vol. II, p. 57). Accordingly, the trial court denied Smith's Verified Motion for Withdrawal of Guilty Plea. On May 10, 2017, Smith filed an Amended Verified Motion for Withdrawal of Guilty Plea, in which he expanded upon the arguments raised in his first motion to withdraw. The trial court denied the amended motion on May 12, 2017.

[11] On May 26, 2017, the trial court conducted a sentencing hearing. Smith again renewed his request to withdraw from the guilty plea, which the trial court denied. The trial court imposed the sentence set forth in the plea agreement: eight years, with two years executed through a direct placement in Marion County Community Corrections and the remainder suspended to sex-offender-specific probation. On June 19, 2017, Smith filed a Motion to Correct Error, which the trial court denied on June 26, 2017.

[12] Smith now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[13] Indiana Code section 35-35-1-4(b) governs the withdrawal of guilty pleas where a plea has been entered but the defendant has not yet been sentenced. In such a situation, upon a written and verified motion to withdraw a guilty plea, the trial court may allow withdrawal "for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea." I.C. § 35-35-1-4(b). This decision by the trial court is subject to review only for an abuse of discretion. I.C. § 35-35-1-4(b). "However, the court shall allow the defendant to withdraw his plea of guilty . . . whenever the defendant proves that

withdrawal of the plea is necessary to correct a manifest injustice." I.C. § 35-35-1-4(b). In other words, the trial court is required to *grant* a motion to withdraw a guilty plea prior to sentencing

> only if the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice. The court must *deny* a motion to withdraw a guilty plea if the withdrawal would result in substantial prejudice to the State. Except under these polar circumstances, disposition of the petition is at the discretion of the trial court.

*Craig v. State*, 883 N.E.2d 218, 221 (Ind. Ct. App. 2008) (internal quotation marks omitted) (quoting *Weatherford v. State*, 697 N.E.2d 32, 34 (Ind. 1998)).

[14] "A trial court's ruling on a motion to withdraw a guilty plea 'arrives in this [c]ourt with a presumption in favor of the ruling.'" *Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001) (quoting *Coomer v. State*, 652 N.E.2d 60, 62 (Ind. 1995)). "We will not disturb the court's ruling where it was based on conflicting evidence." *McGraw v. State*, 938 N.E.2d 1218, 1220 (Ind. Ct. App. 2010), *trans. denied*. Rather, unless the trial court has abused its discretion in denying a motion to withdraw a guilty plea, we will uphold its decision. *Centers v. State*, 501 N.E.2d 415, 419 (Ind. 1986). Smith bears the burden of establishing the grounds for relief by a preponderance of the evidence. I.C. § 35-35-1-4(e).

[15] In this case, Smith claims that withdrawal of his guilty plea was mandatory because it was necessary to correct a manifest injustice. "Manifest injustice" is "necessarily [an] imprecise standard[], and an appellant seeking to overturn a

trial court's decision [faces] a high hurdle under the current statute and its predecessors." *Craig*, 883 N.E.2d at 221 (quoting *Weatherford*, 697 N.E.2d at 34). Pursuant to Indiana Code section 35-35-1-4(c), withdrawal of a plea is required to correct a manifest injustice, in part, when a convicted person has been denied the effective assistance of counsel, when a plea was not knowingly and voluntarily made, or where the plea and judgment of conviction are void or voidable for any other reason. "Unless the defendant proves a manifest injustice by a preponderance of the evidence, the trial court has discretion to grant or deny the request." *Bland v. State*, 708 N.E.2d 880, 882 (Ind. Ct. App. 1999). According to Smith, his plea was not entered knowingly, intelligently, and voluntarily based on his "protestations of innocence, coercion by his [p]ublic [d]efender, the [t]rial [c]ourt's express intent to set the case for trial after the PSI was received, and the outstanding *Brady* issues." (Appellant's Br. p. 7).

[16]     "A valid guilty plea is a confession of guilt made directly to a judicial officer and necessarily admits the incriminating facts alleged." *Carter v. State*, 739 N.E.2d 126, 128 (Ind. 2000). Because "[a] guilty plea constitutes a waiver of constitutional rights," the trial court must "evaluate the validity of every plea before accepting it." *Davis v. State*, 675 N.E.2d 1097, 1102 (Ind. 1996). In order for a guilty plea to be valid, "the defendant's decision to plead guilty must be knowing, voluntary[,] and intelligent." *Id.* (citing *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969)). Indiana law provides that a trial court cannot accept a guilty plea "without first determining that the defendant understands the nature of the charges against him and that pleading guilty waives a number of valuable

constitutional rights." *Id.* (citing I.C. § 35-35-1-2(a)). "[C]oncerns about injustice carry greater weight when accompanied by credible evidence of involuntariness, or when the circumstances of the plea reveal that the rights of the accused were violated." *Coomer*, 652 N.E.2d at 62.

### 1. *Protestations of Innocence*

Smith contends that his guilty plea was invalid and lacked the requisite truthfulness because he "maintained his innocence throughout the proceedings." (Appellant's Br. p. 9). "[A] trial court cannot accept a guilty plea from a defendant who pleads guilty and maintains his innocence at the same time." *Johnson v. State*, 734 N.E.2d 242, 245 (Ind. 2000). Here, however, there is no basis in the record for Smith's assertion that he consistently proclaimed his innocence. Rather, he pled guilty and it was only after, during the PSI investigation, that he indicated that he did not commit the present offense.

As our supreme court has stated,

> There is a substantive difference between a defendant who maintains innocence but asks the court to impose punishment without trial, and one who concedes guilt in one proceeding but contradicts that admission by claiming innocence in a later proceeding. In the former case, the defendant has consistently denied culpability, and has therefore never made the reliable admission of guilt that Indiana requires. In the latter case, a defendant under oath has told the court two opposing stories, both of which cannot be true.

> An admission of guilt that is later retracted may nonetheless be reliable. Admissions of guilt and assertions of innocence come in many shades of gray, and the trial judge is best situated to assess

the reliability of each. A credible admission of guilt, contradicted at a later date by a general and unpersuasive assertion of innocence, may well be adequate for entering a conviction.

*Carter*, 739 N.E.2d at 130 (internal citation omitted). Here, because Smith did not simultaneously plead his guilt and maintain his innocence, he has failed to establish a manifest injustice that would mandate withdrawal from his plea.

## 2. *Coercion by Public Defender*

[19] While he does not claim on appeal that he received ineffective assistance of counsel, Smith argues that his plea lacked the requisite voluntariness because his public defender (who was subsequently replaced by new counsel for the proceedings related to withdrawing the guilty plea) had coerced him to plead guilty. Smith specifically asserts that

> [p]rior to trial, Smith's [p]ublic [d]efender told him he had no chance and needed to sign the plea. The coercion existed over the course of the morning as trial was to begin at 10:00 A.M., but got moved to 1:00 P.M., as . . . she worked to convince Smith to take his plea. When Smith refused, and she could not change his mind on her own, his [p]ublic [d]efender brought in an individual she indicated was her supervisor. The supervisor told Smith he would lose and would die in prison. The supervisor said that by signing the plea Smith could see his daughter again, which was contrary to the collateral consequences involved in sex offender probation as a part of his plea. Feeling he could no longer trust her to adequately represent him, he signed the plea. Smith did not understand her lack of belief in the case despite two (2) State witnesses[] stating that on at least two (2) occasions K.D. recanted her allegation, including in open court. He also questioned why she had not sought a copy of the transcripts from the CHINS hearing. Smith also questioned her motivations

because K.D. had also made blog posts indicating that she was a great actress and fooling everyone shortly after the allegations were made. In the PSI, Smith stated he was innocent and he took the plea because his [p]ublic [d]efender told him he would lose.

(Appellant's Br. pp. 8-9) (internal citations omitted). According to Smith, because his plea was "based in coerced fear," it was an abuse of discretion to deny his motion to withdraw from his guilty plea. (Appellant's Br. p. 12). We find Smith's argument to be unpersuasive for several reasons.

[20] First, the answers Smith provided, under oath, in response to the trial court's questioning at the guilty plea hearing—specifically, that he had not been forced to accept the plea and that he was satisfied with his public defender's representation—"belie his later assertion that the only reason he entered a guilty plea is because his counsel pressured him." *Johnson*, 734 N.E.2d at 245. Second, there is no evidence in the record to support Smith's assertions regarding his public defender's conduct in forcing him to sign a plea agreement or in the public defender's purported knowledge of K.D.'s recanting statements/online postings. Smith did not testify during the withdrawal proceedings or present any other witnesses or admissible evidence; rather, his attorney simply proclaimed—without any factual support—before the trial court that Smith had been coerced. In Smith's appellate brief, he is unable to cite to the record to support his details of his public defender's conduct because those facts are not in the record. *See* Ind. Appellate Rule 46(A)(6)(a),(8)(a). He instead relies on the general unsupported assertions raised in his motion to

withdraw and his attorney's argument of the same during the withdrawal hearing.[3] An attorney's argument is not evidence. Furthermore, Smith's indication in his PSI interview that his public defender encouraged him to take the plea because he was "likely to lose this case" hardly amounts to coercion, and it is further well established that trial counsel is entitled to "considerable discretion" with respect to selecting a trial strategy. *McCullough v. State*, 973 N.E.2d 62, 75-76 (Ind. Ct. App. 2012), *trans. denied*; (Appellant's Conf. App. Vol. II, p. 39). Accordingly, we find no manifest injustice based on a coerced guilty plea that would require withdrawal from his guilty plea.

### 3. *Trial Court's Rulings*

[21] Smith also contends that "it is manifest injustice for a [t]rial [c]ourt to go back and forth on whether to accept a plea and sentence a defendant and to make a defendant to serve additional jail time not contemplated by his plea because of the [t]rial [c]ourt's indecisiveness." (Appellant's Br. p. 12). The plea agreement stipulated that Smith would receive "[a] total sentence of [eight] years. The executed sentence shall be time served in the Marion County Jail AND an additional [two] years on Marion County Community Corrections home detention component. The balance of [eight] years shall be suspended and on probation." (Appellant's Conf. App. p. 30). The trial court initially set a sentencing date of November 22, 2016, at which time the trial court delayed the

---

[3] However, some of the 'facts' included in Smith's appellate brief actually seem to appear for the first time on appeal.

matter based on Smith's assertions of innocence in his PSI Report. The trial court indicated that the State needed an opportunity to prepare for trial and it provided a chance for Smith to formally file a motion to withdraw his guilty plea, which Smith later did. From there, the trial court again delayed a final determination based on Smith's request for time to obtain the transcript from the CHINS proceeding. By April 5, 2017, the trial court resolved that Smith was not going to supply a factual basis that would support withdrawal from the plea agreement and imposed a sentence on May 26, 2017. According to Smith, "because the [t]rial [c]ourt changed course, Smith was forced to stay in custody nearly more [*sic*] seven (7) months than contemplated when he signed his plea." (Appellant's Br. p. 11).

[22] Smith offers no cogent reasoning as to how the trial court's consideration of his motion to withdraw created a manifest injustice that would require withdrawing the guilty plea. Nevertheless, because the trial court, on its own motion, continued the original sentencing hearing based on Smith's statements in his PSI investigation, we find that the additional time that Smith spent in jail awaiting a decision should be credited against his executed sentence in Marion County Community Corrections. *See McAllister v. State*, 913 N.E.2d 778, 783 n.7 (Ind. Ct. App. 2009) (noting that, where the plea agreement contained no "explicit waiver of credit time," the defendant was entitled to one day of credit for each day "confined awaiting sentencing"). Therefore, we remand with instructions for the trial court to re-calculate Smith's sentence with credit time.

## 4. *Brady Issues*

[23] Smith claims that information was presented "regarding possible recantation by K.D.," which "must be investigated and the records must be received." (Appellant's Br. p. 13). He argues that a recantation—which is exculpatory—"must be provided by the State under *Brady v. Maryland*, 373 U.S. 83, 87 (1963)." (Appellant's Br. p. 13). In *Brady*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. In order to succeed on a claim of a *Brady* violation, the defendant is required to establish: "(1) that the prosecution suppressed evidence; (2) that the evidence was favorable to the defense; and (3) that the evidence was material to an issue at trial." *Farris v. State*, 732 N.E.2d 230, 233 (Ind. Ct. App. 2000) (citing *Conner v. State*, 711 N.E.2d 1238, 1245-46 (Ind. 1999)). Evidence is "material to an issue at trial" if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* A reasonable probability is one that is "sufficient to undermine confidence in the outcome." *Id.* "[T]he State will not be found to have suppressed material evidence if it was available to a defendant through the exercise of reasonable diligence." *Shelby v. State*, 986 N.E.2d 345, 358 (Ind. Ct. App. 2013), *trans. denied*.

[24] Smith appears to argue that if the State had supplied K.D.'s recantation, he never would have entered a guilty plea, which amounts to a manifest injustice.

We find that Smith has failed to establish a *Brady* violation. Simply, there is no evidence that the State suppressed K.D.'s purported statement recanting the allegations, if such a statement even exists. During a hearing on Smith's motion to withdraw, the State informed the trial court that it was aware that Smith's public defender had heard a rumor of a recantation, so the State "went ahead and followed up with [the Department of Child Services]" but "couldn't find any information about a recantation." (Tr. Vol. II, p. 24). In response, Smith's attorney countered that K.D.'s mother testified in a deposition "that yes, in fact, [K.D.] did recant on the stand at [the CHINS] hearing." (Tr. Vol. II, pp. 24-25). Smith's attorney also indicated that another witness had heard K.D. recant in person and that K.D. "wrote [a] blog post on the internet regarding manipulating people around the time the allegations came about." (Appellant's Br. pp. 12-13). Yet, once again, Smith failed to present any evidence to support these assertions, instead relying solely on the argument of his counsel. Smith insists that "[t]he [t]rial [c]ourt indicated that with proof of the recant by K.D. in the transcripts, the withdraw[al] of the plea would be allowed, yet the [t]rial [c]ourt denied [Smith's] request for the transcripts despite acknowledging the importance." (Appellant's Br. p. 14). However, if Smith (via his attorney) had undertaken to obtain the depositions or to produce witnesses or affidavits, perhaps the trial court would have had an *evidentiary* basis to order the production of the CHINS transcript for confirmation of K.D.'s testimony.

The trial court accepted Smith's guilty plea and entered a judgment of conviction based on Smith's testimony that he was aware of the consequences of pleading guilty and that he was entering the plea willingly because he had committed the charged offense of child molestation. "A defendant knows at the time of his plea whether he is guilty or not to the charged crime." *Norris v. State*, 896 N.E.2d 1149, 1153 (Ind. 2008) (discussing that the defendant was not entitled to post-conviction relief because after the trial court accepted his guilty plea, the defendant waived the right to present evidence of guilt or innocence). In seeking to withdraw his guilty plea, Smith offered no evidence to support a finding of a manifest injustice that would have required the trial court to grant his motion to withdraw. *See Smith v. State*, 596 N.E.2d 257, 259 (Ind. Ct. App. 1992) (A defendant has "the burden to prove with *specific facts* that he should be permitted to withdraw his plea." (emphasis added)). Absent a manifest injustice, the decision to grant or deny Smith's motion to withdraw was within the discretion of the trial court, and we find no abuse thereof.

## CONCLUSION

Based on the foregoing, we conclude that Smith has failed to demonstrate that he suffered a manifest injustice; therefore, it was within the trial court's discretion to deny his motion to withdraw his guilty plea.

Affirmed but remanded with instructions regarding calculation of credit time.

Baker, J. and Brown, J. concur