ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Greg Zoeller
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

Ian McLean
Deputy Attorney General
Crawfordsville, Indiana



# In the

# Indiana Supreme Court

No. 76S03-0805-CR-215

BRUCE WAYNE ST. CLAIR, JR.,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Steuben Superior Court, No. 76D01-0603-FC-341
The Honorable William C. Fee, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 76A03-0708-CR-361

**February 17, 2009**

**Shepard, Chief Justice.**

Appellant Bruce Wayne St. Clair, Jr. pled guilty under a plea agreement that recommended a three-year sentence. The court accepted the plea, approved the agreement, and imposed sentence in accordance with it.

St. Clair now asserts that because the plea agreement "recommended" three years, the trial court was authorized to impose any lawful sentence, a sentence subject to further consideration on direct appeal. We hold that it was not. Once the trial court approved the agreement, it was bound to impose the sentence specified in the agreement. There was therefore nothing to appeal.

## I.      Facts and Procedural History

St. Clair faced a class C felony charge of sexual misconduct with a minor. On November 6, 2006, he pled guilty to a class D felony in exchange for the dismissals of the class C charge as well as four other charges then pending in other cases. The plea agreement read in part:

> The State will recommend the following sentence:
>
> [x]  A fine in the amount of $1.00 plus applicable Court costs;
>
> [x]  A term of imprisonment of 3 years suspended, except for the following: 180 days. …
>
> [x]  A term of probation 2 ½ year(s), with the normal and usual terms of probation…
>
> [x]  other terms as follows:  If Defendant successfully completes probation he may petition for reduction to Class A Misdemeanor.

(Appellant's App. at 17.)

The trial court held three hearings -- one to entertain the change of plea and advise St. Clair of his rights, one at which the parties discussed whether the conviction would mean St.

2

Clair would be obliged to register as a sex offender, and one at which the court imposed sentence. From the first of these hearings, the court, the defendant, and counsel appeared to anticipate if the court accepted the plea and approved the agreement, sentencing would be in accord with the agreement:

> COURT: Mr. Hardy, would you state the agreement for the record, please?
>
> DEFENSE COUNSEL: Yes, your Honor. My client will be pleading guilty to count two, sexual misconduct with a minor as a class D felony. The state will be dismissing count one and CM-891. He will receive a fine in the amount of one dollar plus court costs, a term of imprisonment of three years all of which will be suspended except for one hundred eighty days which will be served. There will be a term of probation of one and one half years. There will be an administrative and initial users fees of one hundred dollars, continued users fees of thirty dollars a month for twenty nine months. He will have no contact with the victim in this case. There will be a public defender fee. He will participate in all programs or counseling recommended by probation. That his bond will be forfeited to pay for fines and court costs and other monetary obligations and at the end of successful probation, he may petition for a reduction to a class A misdemeanor.
>
> COURT: Mr. St. Clair, is that the agreement you believe you have?
>
> DEFENDANT: Yes, Sir.

(Tr. at 17-18.)

The sentencing hearing consisted of the plea agreement's terms and an explanation of what they meant. (Appellant's App. at 17, 20; Tr. at 31-33.) None of the participants mentioned the existence of any judicial discretion to stray from the terms of the plea agreement. (Tr. at 31-33.) The court sentenced St. Clair exactly as the plea agreement provided. (Tr. at 31-33; Appellant's App. at 17, 20-24.)

St. Clair's lawyer filed a notice of appeal thirty-one days after the court entered final judgment – one day late. Different counsel subsequently moved for leave to file a belated notice of appeal under Ind. Post-Conviction Rule 2. The State responded by arguing that St.Clair had no right to appeal the sentence because the court "followed the agreement of the parties in the sentencing and the defendant received the sentence he bargained for." (Appellant's App. at 37.) The court denied St. Clair's motion. St. Clair then appealed, and a divided Court of Appeals reversed. St. Clair v. State, 880 N.E.2d 1214 (Ind. Ct. App. 2008). We granted transfer. St. Clair v. State, 891 N.E.2d 46 (Ind. 2008).

## II.    Standard of Review

Because the trial court did not hold a hearing on St. Clair's motion to file a belated notice of appeal, we are reviewing the same information available to the trial court. Therefore, we review the denial of St. Clair's petition *de novo*. See Houser v. State, 678 N.E.2d 95 (Ind. 1997).

Failure to file a timely notice of appeal must not be due to the fault of the defendant and the defendant must have been diligent in requesting permission to file a belated notice of appeal. P-C.R. 2 (1)(a)(2-3). A defendant seeking permission to file a belated notice must prove both of these elements by a preponderance of the evidence. Pallett v. State, 516 N.E.2d 22 (Ind. 1987). Because the State did not assert that St. Clair was at fault or that he was not diligent, he need demonstrate only a *prima facie* error on these issues. In re Marriage of Ransom, 531 N.E.2d 1171 (Ind. 1988). Since he has done so, only the question of whether the word "recommend" makes St. Clair's plea agreement open remains.

4

### III.    Plea Bargaining in the Regular Order

In general, a defendant may not challenge a guilty plea through direct appeal. Tumulty v. State, 666 N.E.2d 394 (Ind. 1996). The path to challenging the plea and conviction runs by way of a petition for post-conviction relief. Crain v. State, 261 Ind. 272, 301 N.E.2d 751 (Ind. 1973). A direct appeal of sentencing may lie, however, when a trial court exercises some discretion in fashioning a sentence. Collins v. State, 817 N.E.2d 230, 231 (Ind. 2004). Such a plea agreement is often referred to as an "open plea." Id.

A plea agreement is contractual in nature, binding the defendant, the state, and the trial court, once the judge accepts it. Pannarale v. State, 638 N.E.2d 1247 (Ind. 1994); State ex rel. Goldsmith v. Marion County Super. Ct., 275 Ind. 545, 419 N.E.2d 109 (Ind. 1981). The trial court's role with respect to such agreements is described by statute:

> (b)… If the plea agreement is not accepted, the court shall reject it before the case may be disposed of by trial or by guilty plea. If the court rejects the plea agreement, subsequent plea agreements may be filed with the court, subject to the same requirements that this chapter imposes upon the initial plea agreement….
>
> (e)  If the court accepts a plea agreement, it shall be bound by its terms.

Ind. Code § 35-35-3-3 (2008).

Thus, once a sentencing court accepts a plea agreement, it possesses only that degree of sentencing discretion provided in the agreement. Freije v. State, 709 N.E.2d 323, 324-25 (Ind. 1999); Goldsmith, 275 Ind. at 552, 419 N.E.2d at 114. Bargaining between the State and a

pleading defendant will have produced for court consideration an agreement that either specifies a precise penalty or leaves some or all of the specifics to the judgment of the trial court.[1]

St. Clair claims the trial court had the "broad discretion" to impose the recommended sentence, or a lesser sentence, or a harsher sentence within statutory and other legal limits. (Appellant's Br. at 11.) St. Clair does not point to any substantial evidence that he, his lawyer, the prosecutor, or Judge Fee intended or understood this to be the case.[2] His central argument that the parties intended an open agreement rests on the agreement's use of the word "recommend." (Id. at 11-12.) St. Clair says the State really made two recommendations: a recommendation that the court accept the agreement and a recommendation about sentence, both non-binding. (Appellant's Reply Br. at 5.)

St. Clair emphasizes the necessity that "recommend" must mean something that is non-binding. Because no plea agreement is binding until the trial court accepts it, his definition would cover both open and fixed agreements. Furthermore, this Court has heard numerous cases in which plea agreements are quoted or described as recommending a sentence that we treated as fixed agreements. See, e.g., Pannarale, 638 N.E.2d at 1248 ("Once it has accepted a plea agreement recommending a specific sentence, however, the terms of the agreement constrain the discretion the court would otherwise employ in sentencing."). Accord, Brightman v. State, 758

---

[1] It is hardly unheard of, for example, for the parties to present agreement that "sentencing will be left to the court, but the State will argue for x years executed time."

[2] Defense counsel did say at the change of plea hearing that the probation would last 1 ½ years, rather than 2 ½. (Appellant's Br. at 11-12). Considered in light of all the evidence, this seems simply to have been a misstatement.

N.E.2d 41, 43 (Ind. 2001); Dewitt v. State, 755 N.E.2d 167, 169 (Ind. 2001); Freije, 709 N.E.2d at 326; Reffett v. State, 571 N.E.2d 1227, 1227-28 (Ind. 1991).[3]

Finally, the plea agreement fashioned by the parties uses "recommend" only in the sentencing section, which is also the only section that binds the State to act. (Appellant's App. at 17.) The other two sections state the defendant "will plead guilty" and "waives" certain rights, such as the right to a direct appeal. (Id.) Using the phrase "will recommend" in this but not the other two sections thus makes sense. While it could be more explicit that the court has no discretion to alter the terms of the agreement – only to accept or reject it in its entirety - the normal use of the word "recommend" in Indiana plea bargaining clearly justifies its use here.

In this context, the parties clearly did not intend to present an open plea agreement to the court. The great weight of the evidence suggests that all the parties understood St. Clair's agreement was one that specified a particular sentence if the court approved the agreement and accepted the plea.

---

[3] St. Clair cites as contrary authority the decision in Griffin v. State, 461 N.E.2d 1123, 1124 (Ind. 1984) (where plea agreement stated: "The State of Indiana *shall recommend* to the Court the following with respect to the defendant's sentence…," the court affirmed the denial of defendant's motion for specific performance of his plea agreement on direct appeal, reasoning "The agreement simply provides that the State *shall recommend* to the trial court that Appellant be incarcerated out of state. The trial court clearly was not bound to incarcerate Appellant outside of Indiana as the trial court had absolutely no power to dictate the terms of Appellant's incarceration.") This decision seems focused on the notion that the trial court had no authority to commit a convict directly to the correctional authorities of a sister state, and it is clear from the opinion that Griffin understood that when the plea was made.

## IV.     Conclusion

We affirm the trial court's denial of St. Clair's Motion for Leave to File a Belated Notice of Appeal.

Dickson, Sullivan, Boehm, and Rucker, JJ., concur.