Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Sep 21 2012, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ANGELA WARNER SIMS**
Hulse, Lacey, Hardacre, Austin & Sims, P.C.
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID T. STEPHANOFF, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1112-CR-1129 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON SUPERIOR COURT
The Honorable David A. Happe, Judge
Cause No. 48D04-0910-FD-429

**September 21, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

David T. Stephanoff appeals the six-year cumulative sentence entered following his guilty plea to three counts of Class D felony theft,[1] one count of Class D felony receiving stolen property,[2] and one count of Class D felony fraud.[3] He asserts his sentence violates the terms of his plea agreement. We affirm, but remand for correction of the written sentencing order.

## FACTS AND PROCEDURAL HISTORY

In October of 2009, Stephanoff worked for the Edgewood County Club ("Edgewood"). Based on acts he committed while employed there, Stephanoff pled guilty to five crimes: Class D felony theft of a golf putter from T.D. between October 13 and October 18 ("Count I"); Class D felony theft of golf clubs and bags from Edgewood between October 13 and October 18 ("Count II"); Class D felony fraud for using Edgewood's credit card on October 5 to purchase golf clubs from a distributor ("Count III"); Class D felony receiving stolen property on October 8 for receiving or disposing of the golf clubs purchased from the distributor ("Count IV"); and Class D felony theft of golf clubs, balls, a golf bag and other equipment from Edgewood between October 13 and 18 ("Count V").

Stephanoff pled guilty to those crimes in open court without a written plea agreement. During that change of plea hearing, the following discussion occurred:

> [Defense]:    Well, Judge, there is one (1) other agreement that I forgot to memorialize on the record.
> [Court]:    All right.
> [Defense]:    And I think the State may have also . . . As I'm reviewing the

---

[1] Ind. Code § 35-43-4-2(a).
[2] Ind. Code § 35-43-4-2(b).
[3] Ind. Code § 35-43-5-4(1)(C).

> probable cause affidavit I recall it now. There could be some argument, based upon the way these thefts occurred in [this case], that the sentences should run concurrent . . . or could run consecutive. However, we've agreed that they would run concurrent for a total of thirty-six (36) months.
>
> [Court]: That the maximum would be a total of thirty-six (36) months?
> [Defense]: Yes.
> [Court]: All right. Is that correct, [State]?
> [State]: Yes, Your Honor.

(Tr. at 11.) The trial court accepted the pleas, entered five convictions, and ordered a pre-sentence investigation report.

At the sentencing hearing, the State requested the court impose a thirty-six month sentence executed at the Department of Correction, and Stephanoff requested a suspended sentence. The trial court said:

> Counsel, you've been talking about this in terms of a range from six (6) to thirty-six (36) months, I don't believe that's the case here. I think there is more sentencing range available. I'm actually going to impose a six (6) year sentence today. Three (3) of these counts I'm gonna run together and the other two (2) counts I'm gonna [run] together, and then run those consecutively . . . those sets consecutive to each other for a total of six (6) years. If you think there's something that prevents that from happening let me know, but I'm not aware of anything that prevents that from happening. [ . . . ] So for Counts I, II, and V, on each of those counts, you're sentenced to the Department of Corrections [sic] for three (3) years. Then on Counts III and IV, you're also sentenced to three (3) years to the D.O.C. Those two (2) sets of offenses will run concurrently with each other but consecutive to the other sets. So I, II, and V run together but consecutive to III and IV, which run together. So there's a total sentence of six (6) years, then, to the D.O.C.

(*Id*. at 53-54.)

## DISCUSSION AND DECISION

Stephanoff asserts the six-year sentence imposed by the trial court was not permitted

3

by his plea agreement. Prior to addressing the merits of Stephanoff's argument, we note he did not object to his sentence when the trial court explicitly offered him an opportunity to do so at the sentencing hearing. After argument from both parties, the court stated its intention to impose a six-year sentence and said: "If you think there's something that prevents that from happening let me know, but I'm not aware of anything that prevents that from happening." (Tr. at 52.) Neither Stephanoff nor his counsel objected or argued the sentence violated his plea agreement. A party may not stand idly by and allow the trial court to commit error, but then complain about that error on appeal. *See Angleton v. State*, 714 N.E.2d 156, 159 (Ind. 1999) (regarding failure to object at sentencing to statutory defect). Stephanoff has waived this argument for appeal. *See id.* (failure to object at the trial court level waives argument for appeal).

Notwithstanding that waiver, Stephanoff has not demonstrated his plea agreement precluded a six-year sentence.[4] Once a trial court accepts the plea agreement the State and a defendant reach, it is bound by the terms of that agreement, *St. Clair v. State*, 901 N.E.2d 490, 492 (Ind. 2009), and has "only that degree of sentencing discretion provided in the agreement." *Id.* at 493. If a trial court sentences a defendant in a manner that conflicts with the agreement, then we must reverse. *See Shepperson v. State*, 800 N.E.2d 658, 660 (Ind. Ct. App. 2003) (reversing three-year sentence because oral plea agreement, which was accepted

---

[4] Stephanoff notes the following statement in the section of his pre-sentence investigation report (PSI) entitled "PLEA AGREEMENT": "The defendant is to plead guilty to all counts and they are to run concurrently." (Appellant's Confidential Appendix at 37.) But the first sentence of that same section provides: "There is no plea agreement in this cause." (*Id.*) There was no written plea agreement and no indication where the probation officer obtained the information for that section of the PSI. We cannot find fundamental error in Stephanoff's sentence based on those contradictory statements in the PSI.

by the trial court, provided maximum sentence of two years).

At the change of plea hearing, Stephanoff's counsel explained the sentencing restriction: "There could be some argument, based upon the way these thefts occurred in [this case], that the sentences should run concurrent . . . or could run consecutive. However, we've agreed that they would run concurrent for a total of thirty-six (36) months."[5] (Tr. at 11.) Stephanoff was charged with three counts of theft, which were listed as Counts I, II, and V on the Information. For those Counts, the trial court imposed three three-year sentences and ordered those sentences served concurrently. Thus, as required by the agreement, the trial court imposed concurrent sentences, not longer than 36 months, for the thefts.

The reason Stephanoff's sentence is six years, rather than just thirty-six months, is the court also ordered three-year sentences for both Count III and Count IV, fraud and receiving stolen property, respectively, and ordered those sentences served concurrent to each other but consecutive to the thirty-six months for the thefts. In light of the language used by Stephanoff's counsel in describing the agreement, we cannot find fundamental error in the order that the sentences for fraud and receiving stolen property be served consecutive to the sentences for theft.

Although we find no error in the court's order Stephanoff serve the sentences for theft consecutive to the sentences for his other two crimes, we must remand for correction of

---

[5] The court followed up by asking: "the maximum would be a total of thirty-six (36) months?" (Tr. at 11.) Stephanoff's counsel and the prosecutor both agreed. We interpret that question as clarifying whether the concurrent sentences for theft were "fixed" at thirty-six months or were "open" to the court's discretion, for any sentence up to thirty-six months. *See generally St. Clair*, 901 N.E.2d at 492-3 (discussing sentencing under fixed and open pleas).

scrivener's error in the sentencing order. Therein, in the section entitled "3. Sentence" the order states:

> Defendant is sentenced to 36 months on each count. Counts I, II, and III shall run concurrent with each other. Counts IV and V shall run concurrent with each other but consecutive to Counts I, II, and III. Total length of sentence is 6 years.

(Appellant's App. at 12.) Because Counts I, II, and V are the theft counts, and Count V is ordered served consecutive to Counts I and II, the order as written violates Stephanoff's plea agreement. Accordingly, we remand for correction of the written sentencing order to reflect the sentence announced by the court at the sentencing hearing. *See Hightower v. State*, 866 N.E.2d 356, 374 (Ind. Ct. App. 2007) (remanding for correction of the order so the counts of the crimes for which Hightower was sentenced would match the counts of those crimes on the amended information), *trans. denied*.

Because Stephanoff has not demonstrated the order his sentences for fraud and receiving stolen property be served consecutive to his sentences for theft violated the agreement that Stephanoff's sentences for his thefts would run concurrent to one another, we affirm. Nevertheless, we remand for correction of the sentencing order as described herein.

Affirmed and remanded.

NAJAM, J., and KIRSCH, J., concur.

6