**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 18 2013, 5:36 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**CHRISTOPHER T. TAYLOR**
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHRISTOPHER T. TAYLOR, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 29A02-1301-PC-54 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable Daniel J. Pfleging, Judge
Cause No. 29D02-0801-FC-8

**October 18, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Christopher Taylor appeals the denial of his petition for post-conviction relief. We affirm in part, reverse in part, and remand.

**Issue**

Taylor raises one issue, which we restate as whether the post-conviction court properly denied his petition without an evidentiary hearing.

**Facts**

On January 28, 2008, Officer John Pirics of the Carmel Police Department was working undercover posing as fourteen-year-old girl in an Internet chatroom. Officer Pirics began instant messaging with Taylor. During the exchange, Taylor sent explicit pictures to Officer Pirics, and they arranged to meet and discussed the sexual activity in which they would engage. Taylor was apprehended, and the State charged him with Class C felony child solicitation and two counts of Class D felony dissemination of matter harmful to minors.

Although a public defender was appointed to represent Taylor, on August 11, 2008, Taylor filed a pro se motion to dismiss. On August 20, 2008, the trial court issued an order indicating that a copy of the motion to dismiss would be forwarded to defense counsel and the prosecutor and that the motion would not be heard at that time because a guilty plea hearing was set for August 22, 2008. The order indicated that, if the guilty plea was not concluded, the motion would be set for a hearing.

On August 22, 2008, Taylor and the State entered into a written plea agreement, which called for Taylor to plead guilty to Class C felony child solicitation and one count

of Class D felony dissemination of matter harmful to minors and for the dismissal of the remaining Class D felony charge. The plea agreement specified that Taylor would be sentenced to: (1) five years with all but the time he had served suspended to probation for four years on the Class C felony charge; and (2) three years with all but the time he had served suspended on the Class D felony charge. The plea agreement also called for the sentences to be served concurrently.

At the August 22, 2008, guilty plea hearing, the trial court clarified that Taylor could either proceed with his motion to dismiss or plead guilty but that he could not do both. Taylor indicated that he wanted to proceed with the guilty plea and admitted to the State's allegations. The trial court took Taylor's guilty plea under advisement.

On August 29, 2008, Taylor filed a pro se motion to reconsider asking the court not to accept his guilty plea until it ruled on his motion to dismiss. However, a sentencing hearing was held on October 17, 2008, at which Taylor stood by his guilty plea and withdrew his motion to reconsider.

On May 8, 2009, Taylor filed a pro se motion to vacate his guilty plea and was referred to the procedures for post-conviction relief. On September 17, 2012, Taylor filed a pro se petition for post-conviction relief. He alleged that he was entitled to relief because of "Gross Government Misconduct," ineffective assistance of counsel, and the trial court's abuse of discretion. Supp. App. p. 3. It its answer, the State laid out the procedural history of the case and asserted, "The Defendant raises three grounds for post-conviction relief. None of the allegations by the Defendant make a prima facie case for relief. The State hereby moves for summary disposition of the petition." App. pp. 52-53.

3

After Taylor responded, the post-conviction court issued an order stating, "Court having reviewed all the pleadings DENIES [defendant's] motion for hearing. The Court now denies [defendant's] petition for post-conviction relief." Id. at 50. Taylor now appeals.[1]

**Analysis**

Generally, "One consequence of pleading guilty is restriction of the ability to challenge the conviction on direct appeal." Tumulty v. State, 666 N.E.2d 394, 395 (Ind. 1996). After all, a guilty plea is not merely a procedural event that forecloses the necessity of trial and triggers the imposition of sentence; it also conclusively establishes the fact of guilt, a prerequisite in Indiana for the imposition of criminal punishment." Alvey v. State, 911 N.E.2d 1248, 1249 (Ind. 2009). "The path to challenging the plea and conviction runs by way of a petition for post-conviction relief." St. Clair v. State, 901 N.E.2d 490, 492 (Ind. 2009).

The petitioner in a post-conviction proceeding bears the burden of proof, and an unsuccessful petitioner appeals from a negative judgment. Pruitt v. State, 903 N.E.2d 899, 905 (Ind. 2009). A petitioner appealing from a negative judgment must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court. Id. We will disturb a post-conviction court's decision as being contrary to law only where the evidence is without conflict and leads to but one conclusion and the post-conviction court has reached the opposite conclusion. Id.

---

[1] On August 9, 2013, we granted the State's request for a new due date for filing an appellee's brief. In his reply brief, Taylor asks us to set aside or vacate that order and reject the State's brief. We deny those requests.

The State contends that the summary disposition was based on Indiana Post-Conviction Rule 1(4)(g), which allows a post-conviction court to grant a motion by either party:

> when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

Accordingly, the State asserts that the denial of Taylor's petition should be reviewed as we would review the ruling on a motion for summary judgment. See Allen v. State, 791 N.E.2d 748, 753 (Ind. Ct. App. 2003), trans. denied.

However, because no depositions, answers to interrogatories, admissions, stipulations of fact, or affidavits were submitted and the post-conviction court referenced its review of the pleadings, we believe the summary disposition was entered pursuant to Post-Conviction Rule 1(4)(f), which provides: "If the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings." Therefore, our standard of review is different than that proposed by the State. See Allen, 791 N.E.2d at 752.

"When a court disposes of a petition under subsection f, we essentially review the lower court's decision as we would a motion for judgment on the pleadings." Id. "The court errs in disposing of a petition in this manner unless 'the pleadings conclusively show that petitioner is entitled to no relief.'" Id. at 752-53 (quoting P-C.R. 1(4)(f)). If the petition alleges only errors of law, the court may determine without a hearing whether the petitioner is entitled to relief on those questions. Id. at 753. If the facts pled raise an

5

issue of possible merit, then the petition should not be summarily disposed of even though the petitioner has only a remote chance of establishing his or her claim. Id.

Taylor's post-conviction relief petition included freestanding claims of error related to the government's conduct prior to his arrest and the trial court's exercise of its discretion. It is well-settled that, as a general rule, "most free-standing claims of error are not available in a postconviction proceeding because of the doctrines of waiver and res judicata." Timberlake v. State, 753 N.E.2d 591, 597-98 (Ind. 2001), cert. denied. Thus, because the freestanding claims were not available to Taylor in a post-conviction relief proceeding, the pleadings conclusively showed that Taylor was not entitled to relief on those claims, and the summary disposition of those claims was proper.

As for Taylor's ineffective assistance of counsel claims, in considering whether a petitioner's claim of ineffective assistance of counsel could survive dismissal on the pleadings, we have held that whether counsel provided effective assistance is an evidentiary question. Allen, 791 N.E.2d at 756. Thus, when a petitioner alleges ineffective assistance of counsel and the facts pled raise an issue of possible merit, the petition should not be summarily dismissed. Id.

In his petition, Taylor alleged that trial counsel improperly encouraged him to "accept a plea agreement that exceeded the presumptive sentence especially for a first time offender." Supp. App. p. 5 (emphasis added). Taylor, however, committed the offenses in 2008, well after the presumptive sentencing scheme was amended to the advisory sentencing scheme in 2005. Accordingly, the advisory sentencing scheme, not the presumptive sentencing scheme, was applicable. See Rogers v. State, 897 N.E.2d

6

955, 963-64 (Ind. Ct. App. 2008) ("Because Rogers committed his crime in 2007, after the effective date of these amendments, this new advisory sentencing scheme is applicable to his sentence."), trans. denied. Because the presumptive sentencing scheme was not applicable, the facts alleged in the petition did not raise an issue of possible merit. Thus, the pleadings conclusively showed that Taylor was not entitled to relief on this claim, and summary disposition was proper.

Taylor also alleged that trial counsel improperly advised him to withdraw his pro se motions to avoid raising the ire of the prosecution and/or trial court, that trial counsel failed to inform him that the trial court would hear his pro se motion to dismiss prior to entering into the plea agreement, and that trial counsel did not file pre-trial motions on the grounds raised in Taylor's pro se motions. However remote and however speculative, these allegations raise issues of possible merit, and these claims should not have been summarily disposed of under Post-Conviction Rule 1(4)(f). Taylor was entitled to an evidentiary hearing on these claims.[2]

**Conclusion**

Although summary disposition was proper as it related to Taylor's freestanding claims of error and the ineffective assistance of counsel claim based on the presumptive

---

[2] To the extent Taylor's appellate brief contains allegations not raised in his post-conviction relief petition, either as freestanding claims of error or as ineffective assistance of counsel claims, they are waived. Allen v. State, 749 N.E.2d 1158, 1171 (Ind. 2001) ("Issues not raised in the petition for post-conviction relief may not be raised for the first time on post-conviction appeal."), cert. denied. Likewise, to the extent Taylor reframes all of the issues as ineffective assistance of counsel claims on appeal, he may not do so. See id. We limit our review to the issues as they were raised in his petition.

sentencing scheme, Taylor was entitled to an evidentiary hearing on the remaining ineffective assistance of counsel claims. We affirm in part, reverse in part, and remand.

Affirmed in part, reversed in part, and remanded.

NAJAM, J., and BAILEY, J., concur.