

FILED

Dec 27 2018, 8:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Jason J. Pattison
Madison, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana,

*Appellant-Defendant,*

v.

Pebble Stafford,

*Appellee-Plaintiff*

December 27, 2018

Court of Appeals Case No.
39A04-1705-CR-930

Appeal from the Jefferson Circuit Court

The Honorable Darrell M. Auxier, Judge

The Honorable W. Gregory Coy, Special Judge

Trial Court Cause No.
39C01-1307-FB-696

**Altice, Judge.**

### Case Summary

[1] On June 10, 2014, Pebble Stafford pled guilty to three offenses each under a separate cause number, and her plea agreement provided that she would receive

consecutive sentences of six years executed, thirty days in jail, and four years executed with direct placement in community corrections. The trial court accepted the plea agreement and sentenced Stafford accordingly. In 2017, Stafford petitioned the trial court for a sentence modification. Over the State's objection, the trial court granted Stafford's motion. The State appealed.

[2] We issued an opinion in this case in October 2017 and determined that in light of the legislature's 2014 amendment to Ind. Code § 35-38-1-17, Stafford did not waive her right to sentence modification by entering into a fixed plea agreement, and thus, the trial court was authorized to modify her sentence without the approval of the prosecutor. We therefore affirmed the trial court's modification of Stafford's sentence, but asked the legislature for clarification.

[3] Likely in response to our request, the legislature amended I.C. § 35-38-1-17 effective on July 1, 2018. Our Supreme Court granted transfer, vacated our original opinion in this case, and remanded to us with instructions to reconsider in light of this amendment. For the reasons set forth below, we now conclude that the trial court was not authorized to amend Stafford's sentence as it was pursuant to a fixed plea agreement.

[4] Judgment reversed and remanded with instructions.

## Facts & Procedural History

[5] On July 18, 2013, the State charged Stafford with Class B felony dealing in a controlled substance. At that time, Stafford also faced two unrelated charges

under two separate cause numbers. On June 10, 2014, Stafford entered into a plea agreement with the State resolving all three cases. Stafford agreed to plead guilty to Class B felony dealing in a controlled substance, Class B misdemeanor possession of a substance to interfere with a screening test, and Class C felony battery. The plea agreement provided that Stafford would receive consecutive sentences of six years in the Department of Correction (DOC) with none suspended for the Class B felony; thirty days in the Jefferson County Jail for the Class B misdemeanor; and four years in the DOC with direct placement in community corrections for the Class C felony battery. The plea agreement contained no provision for sentence modification. The trial court accepted the plea agreement and sentenced Stafford in accordance therewith.

[6] Effective July 1, 2014, weeks after Stafford pled guilty, the legislature amended I.C. § 35-38-1-17 in an effort to relax the rules regarding sentence modification. On January 30, 2017, Stafford filed a petition to modify her sentence. The State objected, citing Ind. Code § 35-35-3-3(e), which dictates that a trial court is bound by the terms of the plea agreement. Following a hearing, the trial court granted Stafford's petition on April 12, 2017. In relevant part, the trial court found as follows:

> 2. The plea agreement was silent as to the right of [Stafford] to seek a modification; nor did it preclude her from doing so.

> 3. [Stafford] has completed a therapeutic community [program] for which she was given credit toward her sentence.

4.     After completion of the CLIFF program [Stafford] served as a mentor in the program.

5.     [Stafford] also obtained a GED, completed a course in Problem Solving, and took courses in building trades.

6.     [Stafford's] plan upon release is to go to the Ruth Haven halfway house, obtain a full time job, remain clean, and continue her education at IVY Tech as a part time student.

* * *

10.    This court finds that there is no purpose in requiring [Stafford] to remain in the DOC until her current release date of August, 2019; she has completed multiple programs while at DOC and no further programs or treatment are available there which will avail [Stafford] of any further opportunity to improve herself or her situation at DOC and has been rehabilitated to the extent the DOC is able to do so.

11.    [Stafford] can seek to become employed and educated if released from imprisonment.

12.    The Court finds that the remainder of [Stafford]'s sentence should be suspended to probation with monitoring by the community corrections department.

*Appellant's Appendix Vol. 2* at 118-19.  The trial court ordered that Stafford be on supervised probation for three years, but that after successful completion of one year of probation, she could petition for unsupervised probation.  The State appeals.

## Discussion & Decision

[7] In our original decision, we considered the legislature's 2014 amendment to I.C. § 35-38-1-17, in which the following language was added:

> A person may not waive the right to sentence modification under this section as part of a plea agreement. Any purported waiver of the right to sentence modification under this section in a plea agreement is invalid and unenforceable as against public policy. This subsection does not prohibit the finding of a waiver of the right to sentence modification for any other reason, including failure to comply with the provisions of this section.

I.C. § 35-38-1-17(l).[1] We determined that with the addition of this language, the legislature "plainly stated that a person may not waive the right to sentence modification as part of a plea agreement—any plea agreement [including fixed plea agreements]." *State v. Stafford*, 86 N.E.2d 190, 193 (Ind. Ct. App. 2017), *trans. granted*. Thus, although Stafford entered into a fixed plea agreement, she did not thereby waive her right to seek modification of her sentence. We therefore held that notwithstanding Stafford's fixed plea agreement, the trial court was authorized to modify her sentence without the prosecutor's approval. *Id*.

[8] In a later dissent regarding the same issue in *Rodriguez v. State*, 91 N.E.3d 1033, 1038 (Ind. Ct. App. 2018), *trans. granted*, Senior Judge Rucker focused on the

---

[1] When originally added, this language was found in subsection (i). Through a subsequent amendment, the language was moved to subsection (l).

last sentence of the 2014 amendment: "This subsection does not prohibit the finding of a waiver of the right to sentence modification for any other reason . . . ." I.C. § 35-38-1-17(l). In light of this language, Senior Judge Rucker reached a contrary interpretation of the statute:

> [T]he trial court lacked the authority to modify [a sentence] not because of a "waive[r] to the right of sentence modification … as part of a plea agreement." [*See* I.C. § 35-38-1-17(l).] Instead, the trial court lacked such authority for a wholly different reason – or in the language of the statute "for any other reason"—namely: because of the bargain . . . struck with the State of Indiana.

91 N.E.3d at 1040. In other words, the "other reason" the trial court lacked authority to modify the sentence was because, pursuant to I.C. § 35-35-3-3(e), the trial court remained bound by the terms of the plea agreement.

[9] "[I]f a statute admits of more than one interpretation, then it is ambiguous; and we thus resort to rules of statutory interpretation so as to give effect to the legislature's intent." *Suggs v. State*, 51 N.E.3d 1190, 1194 (Ind. 2016). Upon further reflection, we conclude that the 2014 amendment rendered I.C. § 35-38-1-17 ambiguous, in that the statute was reasonably susceptible to (1) the interpretation Senior Judge Rucker articulated in his *Rodriguez* dissent, *i.e.*, that waiver of modification is permissible when the defendant has negotiated a fixed plea agreement; and (2) the interpretation we articulated in our original decision—an interpretation also reached by the majority in *Rodriguez*—*i.e.*, that a defendant cannot waive the right to modification under these circumstances.

[10]     Notably, in our original decision, we called upon the legislature to clarify its intent. In direct response to our call for clarification, the legislature, at its first opportunity in the next legislative session, amended I.C. § 35-38-1-17. The legislature added language to both subsection (e) and subsection (l), which is emphasized in italics below:

> (e) At any time after:
>
>> (1) a convicted person begins serving the person's sentence; and
>>
>> (2) the court obtains a report from the department of correction concerning the convicted person's conduct while imprisoned;
>
> the court may reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of sentencing. *However, if the convicted person was sentenced under the terms of a plea agreement, the court may not, without the consent of the prosecuting attorney, reduce or suspend the sentence and impose a sentence not authorized by the plea agreement.* The court must incorporate its reasons in the record.
>
> * * *
>
> (l) A person may not waive the right to sentence modification under this section as part of a plea agreement. Any purported waiver of the right to sentence modification under this section in a plea agreement is invalid and unenforceable as against public policy. This subsection does not prohibit the finding of a waiver of the right to:

*(1) have a court modify a sentence and impose a sentence not authorized by the plea agreement, as described under subsection (e); or*

*(2)* sentence modification for any other reason, including failure to comply with the provisions of this section.

I.C. § 35-38-1-17(e), (l) (emphasis supplied).

[11] Through its amendment, the legislature made a definitive statement that trial courts are not authorized to modify sentences that were imposed by virtue of a plea agreement unless the agreement itself contemplated such a modification and/or the prosecuting attorney agrees to the modification. In other words, it is now clear that the sentencing parameters of a plea agreement continue to bind a trial court during subsequent modification proceedings. *See* I.C. § 35-35-3-3(e).

[12] Just as inaction by the legislature can be viewed as acquiescence in a judicial interpretation of a statute, "the opposite is also true, i.e., that action by the legislature to amend a law can help clarify the legislature's original intent in adopting the law." *In re J.S.*, 48 N.E.3d 356, 366 (Ind. Ct. App. 2015). When the legislature disagrees with judicial rulings, it can act swiftly to assert that a court's interpretation of its statute is incorrect. *Durham ex rel. Estate of Wade v. U-Haul Intern.*, 745 N.E.2d 755, 761 (Ind. 2001). "Where it appears that the Legislature amends a statute to express its original intention more clearly, the normal presumption that an amendment changes a statute's meaning does not apply." *Ind. Dep't of Revenue v. Kitchin Hospitality, LLC*, 907 N.E.2d 997, 1002 (Ind. 2009); *see also Olatunji v. State*, 788 N.E.2d 1268, 1272 (Ind. Ct. App. 2003)

(noting that "an amendment to a statute raises the presumption that the legislature intended to change the law, unless it clearly appears that the amendment was passed in order to express the original intent more clearly").

[13] Here, the legislature acted swiftly following the decisions in *Stafford* and *Rodriguez*. We can glean from this that the legislature was simply making clear its original intent, and thus, the 2018 amendment to I.C. § 35-38-1-17(e) and (l) did not change the original meaning of the statute. We therefore conclude that the legislature never intended to create a right to modification of fixed sentences imposed under a plea agreement. Thus, we conclude that the trial court did not have authority to modify Stafford's sentence without the prosecutor's approval.[2]

[14] In light of the foregoing, we reverse the trial court and remand with instructions to reinstate Stafford's sentence as provided in the plea agreement. In doing so, we observe that I.C. § 35-38-1-17(l) still reflects the overriding public policy against waiver-of-modification provisions. Nonetheless, the statutory framework limits the range of possible modification to that "authorized by the plea agreement." I.C. § 35-38-1-17(e), -17(l)(1). In this case, Stafford entered into—and the trial court accepted—a plea agreement with just one authorized

---

[2] In revisiting *Rodriguez*, the majority there adheres to its original interpretation of the 2014 amendment, and proceeds to address the interplay between the plea agreement, the 2018 amendment, and the Contract Clause of the United States Constitution. *Rodriguez v. State*, No. 20A03-1704-CR-724, slip op. at 13-17 (Ind. Ct. App. Dec. 14, 2018). The Court ultimately concludes that retroactive application of the 2018 amendment would be unconstitutional as applied and also fundamentally unfair. *Id.* at 17. We note in passing, however, that Stafford—unlike the defendant in *Rodriguez*—entered her plea agreement *before* the effective date of the 2014 amendment. Thus, even if we shared the interpretation and approach espoused in *Rodriguez*, we would discern no such constitutional infirmity or fundamental unfairness in the instant case.

sentence, thereby leaving no room for modification. Notably, however, Indiana trial courts retain broad discretion to accept or reject plea agreements. *See* I.C. § 35-35-3-3; *Pannarale v. State*, 638 N.E.2d 1247, 1248 (Ind. 1994); *Meadows v. State*, 428 N.E.2d 1232, 1235 (Ind. 1981). Thus, if ever desired, a trial court may avoid the instant issue by rejecting a "fixed sentence" plea agreement that fails to authorize sentence modification in the case of changed circumstances.

[15] Judgment reversed and remanded with instructions.

Bailey, J., concurs.

Baker, J., dissents with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| State of Indiana, | Court of Appeals Case No. |
| *Appellant-Respondent,* | 39A04-1705-CR-930 |
| v. | |
| Pebble Stafford, | |
| *Appellee-Petitioner* | |

**Baker, Judge, dissenting.**

[16] I respectfully dissent. In the legislative session that convened following our original decision in *Stafford*, our General Assembly reconsidered and amended the language included in the 2014 amendment of Indiana Code section 35-38-1-17. In my view, the General Assembly realized that this Court's interpretation of the statute was both right and reasonable. For that reason, the legislature followed our suggestion to clarify the statute.

## Pre-2018 Amendment

[17]  I continue to believe that our original decision was both right and reasonable, based on the language of the statute at that time.  A plea agreement is contractual in nature, binding upon the defendant, the State, and the trial court. *St. Clair v. State*, 901 N.E.2d 490, 492 (Ind. 2009).  Once a trial court accepts a plea agreement, it is bound by the terms of that agreement.  Ind. Code § 35-35-3-3(e).

[18]  For many years, it was well established that a trial court had no authority to later modify a fixed plea sentence unless the plea agreement reserved to the court the right to engage in such a modification.  *E.g.*, *Pannarale v. State*, 638 N.E.2d 1247, 1248 (Ind. 1994).  In 2014, however, the General Assembly amended the statute regarding sentence modification, adding the following new provision:

> A person may not waive the right to sentence modification under this section as part of a plea agreement.  Any purported waiver of the right to sentence modification under this section in a plea agreement is invalid and unenforceable as against public policy. This subsection does not prohibit the finding of a waiver of the right to sentence modification for any other reason, including failure to comply with the provisions of this section.

Ind. Code 35-38-1-17(l).[3] This statute has explicit retroactive application to offenders who were convicted and sentenced before July 2014. I.C. § 35-38-1-17(a). The General Assembly also loosened other rules regarding sentence modification with these amendments, including the elimination of all time periods related to when a non-violent offender could seek a sentence modification and the express authorization of sentence modification without the consent of the prosecutor. I.C. § 35-38-1-17.

[19] It is apparent that, by relaxing the rules regarding sentence modification, our General Assembly was guided by Article I, Section 18, of the Indiana Constitution, which provides that "[t]he penal code shall be founded on the principles of reformation, and not of vindictive justice." In keeping with this philosophy is the legislature's recognition of the public policy against a purported waiver in a plea agreement of a defendant's ability to seek sentence modification.

[20] The State focuses on the following section of the statute:

> (e) At any time after:
>
> > (1) a convicted person begins serving the person's sentence; and

---

[3] When first enacted, this section was codified as subsection -17(i); it was later codified as subsection -17(l) but is otherwise identical to the earliest version.

> (2) the court obtains a report from the department of correction concerning the convicted person's conduct while imprisoned;
>
> the court may reduce or suspend the sentence and impose a sentence *that the court was authorized to impose at the time of sentencing*. The court must incorporate its reasons in the record.

I.C. § 35-38-1-17(e) (emphasis added). According to the State, this provision means that a trial court may not modify a sentence following a fixed sentence plea agreement if the right to modify was not included in the agreement:

> [I]n a case involving a fixed-sentence plea, the only sentence that the court "was authorized to impose at the time of sentencing" is the precise sentence provided for in the plea agreement. Thus, by the plain language of the modification statute, a court does not have any authority to modify where it had no discretion at the time of the original imposition of sentence. . . . If a trial court had no authority to impose a particular sentencing term when it originally imposed sentence, then it has no authority to impose that term through a subsequent modification.

Original Appellant's Br. p. 12 (internal citations omitted). And the State further argues that subsection -17(l) does not provide the trial court with sentence modification authority:

> [Subsection -17(l)] further provides that "[t]his subsection does not prohibit the finding of a waiver of the right to sentence modification for any other reason." Thus, this subsection is only speaking to waiver provisions within a plea agreement that would remove the authority to modify that a court would otherwise possess under the terms of the agreement. It does not

speak to any other way in which the right to seek a modification could otherwise be waived, such as by entering into an agreement to receive a specific sentence. . . . If the General Assembly had intended to . . . allow modifications of fixed-sentence pleas, it would have said so directly. Instead, the legislature included language allowing trial courts to find the right to seek a modification waived "for any other reason," which would include the reason that the defendant bargained for and agreed that she would serve this specific sentence.

*Id.* at 13-14.

[21] I cannot agree with the State's tortured interpretation of the plain statutory language. First, as to what sentence the trial court is "authorized" to impose at the time of sentencing, that authorization is bound not only by the language of the plea agreement but also by the law. And the General Assembly has quite clearly stated that, as of July 2014, "[a] person may not waive the right to sentence modification under this section as part of a plea agreement." I.C. § 35-38-1-17(l). Therefore, following the enactment of these statutory amendments, the legislature has declared that trial courts are *not authorized* to impose a sentence that purports to waive the defendant's right to a later modification.

[22] Second, while the State insists that subsection -17(l) does not allow modifications of fixed sentence plea agreements, I disagree. The General Assembly could easily have carved out an explicit exception for fixed sentence plea agreements, but it did not do so. Instead, it plainly stated that a person may not waive the right to sentence modification as part of a plea agreement—

any plea agreement—and went a step further, cautioning that any such purported waiver is invalid, unenforceable, and against public policy. *Id.*

[23] The statute says what it says, and we are bound to interpret and apply statutes in a way that fulfills the legislature's intent. And this version of the statute clearly and unambiguously states that offenders "may not waive the right to sentence modification . . . as part of a plea agreement." I.C. § 35-38-1-17(e).

[24] Here, the trial court explicitly found that Stafford has completed many programs while incarcerated, has a solid plan in place for her reentry into society, and has been rehabilitated to the extent it is possible to do so during her incarceration. Under these circumstances, I believe that the trial court did not err by granting Stafford's motion to modify in this case.

### *2018 Amendment*

[25] The 2018 amendment does not change my opinion regarding the way in which this case should be resolved. I do not believe that the General Assembly can or should attempt to retroactively void a court order by statute. In my view, such an attempt violates the Indiana Constitution's Separation of Powers provision by overstepping and taking away the judicial power of the trial court. Ind. Const. Art. 3, Section 1.

[26] Here, the amendment of Indiana Code section 35-38-1-17 was aimed squarely at this Court's *Stafford* decision as well as the trial court's original order under consideration. While it is clear that the amended statutory language precludes future trial courts from taking the actions that were taken in this case, in my

opinion, the after-the-fact amendment should not be allowed to vitiate what has already occurred in this particular case.  For these reasons, I would again affirm the trial court.  Therefore, I respectfully dissent.