



FILED
Aug 07 2019, 12:03 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 39S04-1712-CR-749

## State of Indiana
*Appellant,*

—v—

## Pebble Stafford
*Appellee.*

Argued: May 9, 2019 | Decided: August 7, 2019

Appeal from the Jefferson Circuit Court
No. 39C01-1307-FB-696
The Honorable W. Gregory Coy, Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 39A04-1705-CR-930

**Opinion by Justice David**

Chief Justice Rush and Justices Massa, Slaughter, and Goff concur.

**David, Justice.**

Today, our Court decided *Rodriguez v. State*, --- N.E.3d --- (Ind. 2019), a case interpreting the same statutory provisions at issue in the present dispute. The law stated in that opinion is equally applicable to this case.

Pebble Stafford was charged with one count Dealing a Controlled Substance, a Class B felony, on July 18, 2013. Stafford also faced two additional charges under separate cause numbers. Defendant entered into a plea agreement to resolve each of these cases, which resulted in fixed sentences of six years at the Department of Correction for the Class B felony charge and an additional thirty days at the Jefferson County Jail and four years at the Department of Correction with direct placement in Jefferson County Community Corrections for the other two offenses, all of which was to be served consecutively. The plea agreement was accepted by the trial court on June 18, 2014, and Stafford was sentenced according to the terms of the agreement.

Stafford petitioned to modify her Class B felony sentence on January 30, 2017. The State opposed Stafford's petition, arguing the trial court was bound by the terms of the fixed plea agreement. The court granted Stafford's petition on April 12, 2017, and ordered Defendant released from imprisonment. The State appealed and the Court of Appeals affirmed the trial court, finding recent amendments to Indiana Code section 35-38-1-17 indicated that a trial court was now permitted to modify a fixed sentence entered pursuant to a plea agreement. *State v. Stafford*, 86 N.E.3d 190, 194 (Ind. Ct. App. 2017), *vacated and remanded*, 100 N.E.3d 696 ("*Stafford I*").

On transfer, our Court considered this and another case that involved similar questions over the interpretation of the sentence modification statute. *See Rodriguez v. State*, 91 N.E.3d 1033 (Ind. Ct. App. 2018), *vacated and remanded*, 100 N.E.3d 696 ("*Rodriguez I*"). In light of 2018 amendments to the same statute, our Court issued an order remanding both this case and *Rodriguez I* to the Court of Appeals for further consideration. *State v. Stafford*, 100 N.E.3d 696 (Ind. 2018).

On remand, the Court of Appeals determined the statute was ambiguous and that subsequent amendments to the statute made clear

trial courts were not authorized to modify a defendant's sentence imposed by a plea agreement unless the agreement expressly contemplates modification. *State v. Stafford*, 117 N.E.3d 621, 625 (Ind. Ct. App. 2018). Accordingly, it reversed the trial court and remanded the matter. *Id*. at 626. Judge Baker dissented, believing the legislature lacked authority in its 2018 amendments to "retroactively void a court order by statute" because to do so violated the Indiana Constitution's Separation of Powers provision. *Id*. at 628 (Baker, J., dissenting). Stafford sought transfer, which we granted, thereby vacating the Court of Appeals opinion. Ind. Appellate Rule 58(A).

In today's companion case *Rodriguez*, we determined that the legislature's amendments to Indiana Code section 35-38-1-17 did not signify a shift from the long standing precedent of *Pannarale v. State*, a case in which our Court found "the sentencing court possesses only that degree of discretion provided in the plea agreement with regard to imposing an initial sentence **or altering it later**." 638 N.E.2d 1247, 1248 (Ind. 1994); *Rodriguez*, --- N.E.3d at --- (Slip Op. at 13). Therefore, trial courts are bound by the terms of a plea agreement and may only modify a sentence in a way that would have been authorized at the time of sentencing. *Pannarale*, 638 N.E.2d at 1249; Ind. Code § 35-35-3-3(e). Because Stafford's plea agreement in the present case called for a fixed sentence, the trial court was bound by these terms and had no discretion to modify Stafford's sentence.

Accordingly, we reverse the trial court and remand for any additional proceedings necessary to resolve this case.[1]

Rush, C.J., and Massa, Slaughter, and Goff, JJ., concur.

---

[1] Prior to oral argument in this case, Stafford informed this Court that she had entered into a global plea agreement encompassing the Level 6 felony charge at the heart of this proceeding. It may be the case that this new plea agreement has resolved the present dispute.

ATTORNEYS FOR APPELLANT
Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
Jason J. Pattison
Madison, Indiana