## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 19 2021, 8:38 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher T. Sturgeon
Clark County Public Defender Office
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Steven J. Hosler
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Duane Riddle,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 19, 2021

Court of Appeals Case No. 20A-CR-1479

Appeal from the Clark Circuit Court

The Honorable Bradley B. Jacobs, Judge

Trial Court Cause Nos.
10C02-1901-F5-17
10C02-1903-F2-5

**Bradford, Chief Judge.**

# Case Summary

Duane Riddle pled guilty to a number of criminal offenses under two separate cause numbers on April 23, 2019. Riddle was sentenced to an aggregate nine-year term, all of which was suspended to probation contingent on his participation in Veteran's Court programing. Pursuant to the terms of his plea agreement, the entire nine-year sentence would be revoked and ordered executed in the Department of Correction ("DOC") if Riddle's participation in Veteran's Court was terminated.

Riddle's participation in Veteran's Court was terminated on November 26, 2019, and the State filed a petition to revoke probation on February 22, 2020. The trial court subsequently found that Riddle had violated the terms of his probation and sentenced him in accordance with the plea agreement. On appeal, Riddle contends that the trial court abused its discretion in ordering that the entire nine-year sentence be executed in the DOC. We affirm.

# Facts and Procedural History

On April 23, 2019, Riddle entered into a plea agreement under the terms of which he pled guilty to Level 5 felony possession of methamphetamine under cause number 10C02-1901-F5-17 ("Cause No. F5-17") and Level 4 felony possession of methamphetamine and Class C misdemeanor operating a vehicle with an ACE of .08 or greater under cause number 10C02-1903-F2-5 ("Cause No. F2-5"). Pursuant to the terms of the plea agreement, Riddle was sentenced

to an aggregate nine-year sentence. The suspension of his sentence was contingent on Riddle's participation in Veteran's Court. The plea agreement expressly stated that the entire suspended sentence "shall be executed in the [DOC] if [Riddle's] participation in [Veteran's] Court is voluntarily or involuntarily terminated." Appellant's App. Vol. II p. 23. Riddle initialed this portion of the plea agreement, expressly affirming that "the total sentence shall be executed" in the DOC if he failed to successfully complete the Veteran's Court program. Appellant's App. Vol. II p. 23.

[4]     On April 23, 2019, Riddle was transferred to Veteran's Court. Despite some initial progress, Riddle failed drug screens on September 4 and 22, 2019. Riddle was subsequently ordered to participate in a detox program at The Healing Place from September 24, 2019 until September 30, 2019.

[5]     On October 1, 2019, Riddle informed his Veteran's Court case manager that there were no beds available at The Healing Place. His case manager instructed him to return to The Healing Place for a different program. Riddle, however, did not report back to The Healing Place. Riddle also stopped attending Veteran's Court sessions after October 1, 2019. Riddle later stated that he did not attend further Veteran's Court sessions or go to The Healing Place because a friend told him there was a warrant out for his arrest. Riddle's participation in Veteran's Court was terminated on November 26, 2019.

[6]     The State filed a petition to revoke probation on February 22, 2020. Riddle admitted to violating probation on June 26, 2020. The trial court revoked

Riddle's probation and sentenced him, pursuant to the terms of the parties' plea agreement, to an aggregate nine-year term in the DOC. Riddle was also recommended for the Recovery While Incarcerated program at the DOC. Riddle subsequently filed a motion to reconsider sentence, which was denied on August 11, 2020.

# Discussion and Decision

[7]     Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (internal citations omitted).

[8]     It is uncontested that Riddle violated the terms of his probation. On appeal, Riddle argues only that the trial court abused its discretion in revoking his entire nine-year sentence and ordering that the entire sentence be served in the DOC. Specifically, he argues that "[f]irst and foremost, it should be remembered that he is an addict" and "[a]ddressing an addict's problem instead of a lengthy

prison term could have led him to a new life instead of one likely to continue the same pattern." Appellant's Br. p. 6. Riddle acknowledges that he did not return to the drug-treatment center as instructed but argues that "[f]ailing to appear after finding out that a warrant had been issued for his arrest should not have been held against" him because "[d]rug addicts do not think rationally like everyone else and should be given the benefit of the doubt." Appellant's Br. p. 7. We cannot agree.

[9] Riddle's participation in Veteran's Court was terminated after he failed to return to the drug-treatment center as ordered. The parties' plea agreement explicitly states that the entire nine-year sentence "shall be executed in the [DOC] if [Riddle's] participation in [Veteran's] Court is voluntarily or involuntarily terminated." Appellant's App. Vol. II p. 23. Riddle acknowledged this language and expressly affirmed that "the total sentence shall be executed" in the DOC if he failed to successfully complete the programs ordered in accordance with his participation in Veteran's Court. Appellant's App. Vol. II p. 23.

[10] Indiana Code section 35-38-2-3(h)(3) provides that if the court finds that the person has violated a condition at any time before termination of the probationary period, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." Given this statutory authority coupled with the fact that the parties' plea agreement expressly stated that unsuccessful termination of Riddle's participation in Veteran's Court would result in the execution of the entire nine-year sentence,

we cannot say that the trial court abused its discretion in revoking Riddle's probation and imposing a sanction that is consistent with the express terms of the parties' plea agreement. *See State v. Stafford*, 128 N.E.3d 1291, 1292 (Ind. 2019) (providing that trial courts are bound by the terms of a plea agreement and, where a plea agreement calls for a specific sentence, the trial court is bound by the terms of the plea agreement).

[11] The judgment of the trial court is affirmed.

Kirsch, J., and May, J., concur.